STEPHEN COLWELL, ADMINISTRATOR D. B. N. C. T. A. OF WILLIAM T. SMITH, DECEASED, ALSO EXECUTOR OF SAMUEL RICHARDS, DECEASED, AND SAMUEL N. RICHARDS.

*vs.*

JOHN MILES AND HANNAH, HIS WIFE.

*New Castle, Sept. T.* 1845.

A testator, domiciled in Pennsylvania, after disposing of his estate in eight parts, in order to equalize the distribution of it, set a value upon the several lands devised, and charged each of them, in the hands of the devisee, with its excess in value over one equal eighth part of the

whole estate—such excess to be paid, within six months after the testator's decease, to his executors as part of the residuary estate. The lands were devised to trustees for the several parties interested, the trustees being also the executors. Part of the devised lands were situated in Delaware, and were valued by the testator at $20,000, which sum, upon the settlement of the testamentary accounts, was found to exceed one equal eighth part of the testator's whole estate. On a bill filed by the administrator d. b. n. c. t. a. of the testator and the executor of the survivor of the trustees, to charge the lands in Delaware with the excess, *Held,*

1. That the persons beneficially interested in the excess are not necessary parties.

2. In determining the existence and amount of the excess, the amount of the personal estate of the testator is to be taken as it is ascertained by the testamentary accounts settled by the Court having jurisdiction at the domicile of the testator.

3. The land sought to be charged, having been devised in trust for one for life (to whom was given the rents and profits) with remainder to his children, the omission of the trustees to collect the excess from the tenant for life is no bar to relief against the remainderman for the principal of the excess.

4. The receipt by trustees of rents and profits sufficient to pay the excess does not, unless paid over to the executor, exonerate the lands, in the hands of the remainderman, from payment of the principal of the excess: otherwise, as to interest on the excess accrued prior to the possession of the remainderman.

5. Lapse of time in collecting the excess is no bar, the trustees who were to pay and the executors who were to receive being the same persons.

6. Delay in the final settlement of testamentary accounts is not *laches,* if caused by *lis pendens.*

7. The charge of the excess, being upon an undivided share of certain lands, is not discharged by proceedings for partition, under which the real estate comes to be held in possession by the devisee in severalty.

BILL IN EQUITY, filed under the following circumstances :
William T. Smith, by his last will and testament, bearing date in the year 1812, after distributing his estate proceeded, in order to equalize the same amongst his children, to fix a valuation on the several parts of his real estate, and directed that the excess of any part in value above an

equal share of the whole should be deducted from such part, so as to equalize any that might be deficient. For the purpose of giving effect to his intention he devised the real estate to Joseph Ball and Samuel Richards, in trust, with power to pay, as trustees, to themselves, as executors, such excess. Part of the lands devised to the trustees were situated in the State of Delaware. The testator devised to the said Joseph Ball and Samuel Richards one third part of a farm, situated in New Castle county, which he valued at $20,000; also one third part of a tract of land adjoining the before mentioned farm, together with a third part of all the implements of husbandry and stock belonging to said farm and tract of land, the share of which tract of land, implements and stocks he valued at $2,866.33 : also he bequeathed to the trustees the debt due to him from his son William, as charged on his book H; to hold the said property " in trust, nevertheless, that the said Joseph Ball and Samuel Richards and the survivor of them, and the heirs and assigns of such survivor, shall and will, from time to time and at all times hereafter, during the natural life of my said son William T. Smith, Jr., permit and suffer my said son William to have, take, receive and enjoy all and every the rents, issues and profits of the said devised premises, as the same shall become due and payable; and from and after the decease of my said son William, then in trust for the children of my said son William, their heirs and assigns forever, as tenants in common, and to be equally divided between them, share and share alike; *provided always*, and it is my will, that if the premises devised, as last aforesaid, to the said Joseph Ball and Samuel Richards, at the value aforesaid, together with the debt due as aforesaid from my son William T. Smith, Jr., and charged on my book H. should exceed in value the one eighth part of my whole estate, that then the said Joseph Ball and Samuel Richards shall and do pay, *within six months after my decease*, to my executors, to

be disposed of as is hereinafter directed, so much money as the above devised premises, at the value aforesaid, with the debt aforesaid, shall exceed in value the one eighth part of my whole estate. And I do hereby will and direct that the one undivided third part of the farm and the one undivided third part of the tract of land, situate in the State of Delaware and last devised as aforesaid to the said Joseph Ball and Samuel Richards, shall stand and be charged and chargeable with the payment of the sum which the premises last aforesaid devised, at the value aforesaid, with the debt aforesaid, shall exceed the value of one eighth part of my whole estate."

William T. Smith died on the 23d of February, 1812. Joseph Ball and Samuel Richards, who were named as executors, proved the will and took letters testamentary. Joseph Ball died, and afterward Samuel Richards also. Stephen Colwell became administrator d. b. n. c. t. a. of the testator, and also was executor of Samuel Richards deceased. The bill was filed by Colwell and by Samuel N. Richards, as heir at law of Samuel Richards deceased, in order to raise out of the lands in Delaware, devised in trust to William T. Smith, Jr., and his children, an alleged excess in value of said devises over and above the one eighth part of the testator's whole estate.

The bill alleged that the executors proceeded, with all due diligence, to bring the estate to a judicial settlement by the tribunal to which jurisdiction in that matter belonged, in order that it might (among other results) be ascertained whether the said William T. Smith, Jr. had received, in the said specific devises, more than his eighth part of the testator's estate, according to the provisions of the said last will and testament, and with which surplus, if any, his devised share of the lands in Delaware were charged by the said last will and testament; that the said executors were unable to settle an account of the adminis-

tration of said estate until the 5th day of January, 1818, on which day they did settle such account before the Register of Wills, &c., for the city and county of Philadelphia, to whom jurisdiction in that behalf belonged; and the same was approved and passed by him and transmitted to the Orphans Court for the city and county of Philadelphia for confirmation; to which tribunal jurisdiction in that behalf belonged; that the executors knew the said account was in all respects just, and would have finally settled and ascertained the amount of the excess of said William's share and the sum chargeable upon the lands in Delaware devised to him; but, exceptions being filed to said account in the Orphans Conrt, there has been a continued litigation kept up, by means whereof a decree of the Orphans Court was not obtained until the 24th day of April, 1841.

The bill further alleged that William T. Smith Jr. departed this life in the year 1838; that he, in his lifetime, and his children, since his decease, had full knowledge of said *lispendens* and of the proceedings therein; the children being entitled to the remainder in fee in said lands after the death of their father—which said children were James Smith and Hannah W. Smith; that Hannah is intermarried with John Miles, Esq., and that James Smith having departed this life, intestate and without issue, before the death of his said father, the entire interest in the lands so devised to the said William T. Smith, Jr., became and is vested in the said John Miles and Hannah his wife; that the said William T. Smith Jr. and his son-in-law John Miles participated largely and actively in the opposition to the said account, and were mainly instrumental in the long delay in the settlement of the same.

The bill further alleged that there was a legal controversy, involving the title to said lands, beginning in the year 1819 and not terminating until 1825; that large ex-

penses were incurred by the trustee in defending the title of the lands; that the costs and expenses having been all paid by the said trustee, the share of them apportioned to the lands devised as aforesaid amounts to the sum of $1,596.24, with interest, as per schedule annexed. That the decree of the Orphans Court aforesaid has established the amount of the residuary estate of the said William T. Smith; and that the excess of the devises to William T. Smith Jr. and the amount of the charges on the said lands in Delaware so devised to the said William T. Smith Jr. thereby appears to be $998.42, with interest from the date of testator's death.

The bill further alleged that proceedings for partition in chancery were instituted between the devisees of the testator and the other tenants in common of the lands in Delaware, by which the share of the said William T. Smith Jr. with remainder to his children, had been assigned to him in severalty; that the devisees of William T. Smith, representing the deficient shares, are entitled to the said money, so charged as aforesaid upon the lands in Delaware, and threaten to hold the complainants personally responsible, unless they prosecute and collect the same. The bill prayed that an account may be taken, to ascertain the amount due and chargeable, and that the same may be decreed to be a specific charge on the land held by defendants, and the payment thereof enforced by sale under a decree.

The answer, admitting the allegations of the bill touching the provisions of the will of William T. Smith, deceased, denied that there was any excess in the value of the lands devised, over and above the equal eighth part of the testator's estate, insisting that the then balance of said estate had not been legally ascertained for the purposes of this suit; that to charge the lands of the defendants with any such excess the amount of the testator's personal

estate was to be ascertained, not by testamentary accounts passed in the Courts of Pennsylvania, but by an account of the personal estate, to be taken in this Court. The answer further insisted that the trustees might and ought to have collected such excess (if any there were) out of the rents and profits of the said lands in the lifetime of the tenant for life; and that, having failed to do so, they had no equity against the defendants, who were tenants in remainder; that from the death of the testator in 1812 until 1817, Samuel Richards, one of the trustees, had held the lands and received the rents, he being then a trustee of the share devised to William T. Smith, Jr., and also a tenant in common of a third part thereof; and that during his said possession he received rents of the trust estate sufficient to have paid the excess claimed; that in 1817 he sold his own share, and delivered up possession of the lands to William T. Smith Jr. who thenceforth held the same as his absolute property, without any claim on the part of the trustees, until his death in 1838, when he was succeeded in his possession by the present defendants, Miles and wife; and the defendants relied upon the lapse of time and the laches of the trustees as a bar to this suit. The answers denied that the executors had proceeded with due diligence to a settlement of the testator's estate; alleging that, although there was a *lis pendens* in the Orphans Court of Philadelphia until the year 1841, it resulted from illegal claims on the part of the executors, which were finally disallowed. It admitted the several proceedings had for partition of the lands in Delaware, between the devisees of said testator and other tenants in common, and insisted that under said proceedings the trustee having suffered the property to come into possession of William T. Smith, without any claim on account of said trusts, it was held by him, and is now held by his children, free and discharged from the same. The answer further insisted that the bill was defective in not joining as parties the other devisees and legatees under the will of William T. Smith, deceased.

The cause came before the Chancellor, at the Sept. T. 1845, for a hearing upon the bill, answer and exhibits.

*R. Frame* and *John Sergeant,* for the complainants.

*W. H. Rogers* and *John Miles* for the defendants.

JOHNS, JR., CHANCELLOR.—The defendants resist the relief sought in this case on several grounds, which I will consider separately.

*First,* it is objected that there is a defect of parties, in the non-joinder of the other devisees under William T. Smith's will.

The claim is to enforce payment to the executors, as directed by the will, of a sum out of real estate in Delaware, if it should be required to equalize the shares; the testator's domicile being in Pennsylvania, and the jurisdiction of the personal estate belonging to the place of domicile. The executor, in his lifetime, was the party to receive, and the trustee the person authorized by the will to pay, and the *cestui que trust* the person beneficially interested in the land, or entitled to the receipt of the rents and profits thereof, and thus affected in interest; and, therefore, was a necessary party. The original executors and trustees being dead, the parties complainant, now before this Court, are the personal representative of the surviving trustee and of the testator, and also the heir at law of the trustee. The object of this suit is not to adjust and distribute the personal estate of the testator, William T. Smith. That has been done in Pennsylvania; and there all parties interested in the estate were parties, and have been heard by the tribunal having jurisdiction of the personalty, by whose action and judgments their respective rights have been ascertained and judicially determined ; but that tribunal excluded from its consideration all matters connect-

ed with the trust estate in the State of Delaware, although by the decision upon the personalty the amount chargeable against the trust fund in Delaware was ascertained.

The will requiring the trustee to pay what might be the excess of the value of the trust estate to the executor, if the trustee and the executor had been different persons, it is apparent that on non-payment the executor would have been the proper party claimant and would have had a right to enforce payment from the trustee; and had the *cestui que trust* been let into possession of the trust estate it could not vary the right of the executor. He represents the rights and interests of, and is responsible to, all the devisees who are to receive payment through him as executor. The death of the executor and the grant of administration d. b. n. c. t. a. confers upon the administrator the same right. The joinder of the executor of the trustee is requisite, as a party accountable, and the heir of the trustee as the person to whom the trust estate has descended. The *cestui que trust,* being in possession and resisting the claims, is from necessity a party defendant, and, being interested in the trust estate, has a right to be a party in a suit the object of which is to settle the account of the trustee of his estate under the will of William T. Smith, the testator, and to ascertain whether it has paid, or still continues chargeable with, the payment of the excess of its value over that of the other shares. This is the object of the present suit; and it appears unnecessary to have before me the other devisees; for, the testator having fixed the value of the one third of the Delaware land devised in trust to Samuel Richards, the only matter essential now to be determined is the fact of payment, and this will require, as prayed for in the bill, a settlement of the trust account; and for this purpose, and also in reference to the estate alternately chargeable for whatever may be found due, it is evident that all necessary and proper parties are before the Court.

Considering the proper parties to be before the Court I shall now proceed to examine the next ground of defence, which is somewhat blended with the first; and, if substantial, would render the former available. It has been insisted that the amount of the excess of William's share over that of the other devisees ought to be determined in this Court, where the jurisdiction over the trust exists, and that such jurisdiction cannot be exercised by the Court in Pennsylvania. If such be the duty of this Court, then it is obvious its action must embrace the entire estate of the testator; and all the devisees entitled under the will, and who are interested in the settlement and distribution of that estate, would necessarily have to be parties. But it appears to me that the law of domicile applicable to this case excludes the jurisdiction of this Court in reference to the personalty and to all matters arising under the will, except so much thereof as applies to the trust estate in Delaware, which, being real estate, is subject to the *lex rei sitæ* and not the law of domicile. The testator has, in his will, fixed and determined the value of the one third of the Delaware estate; and, therefore, its excess when added to the property in Pennsylvania is a result consequent upon the action of the tribunal of the place of the testator's domicile, in the legitimate exercise of its jurisdiction, as the testator knew and intended it should be. Hence, I conclude it would not only violate the established law of domicile but be contrary to the intention of the testator, under the circumstances of this case, for this Court, to attempt either the settlement or distribution of the estate of the testator, William T. Smith.

The question of excess, or the amount of that excess, is not and cannot be made a subject proper for consideration, or investigation and discussion, in this Court; nor is the same so presented in this suit. The bill seeks, not to establish the existence of the excess through the action of this Court, but its payment—the enforcement of the trust

assumed by the trustee in fulfillment of the intention of the testator, and altogether distinct from the executor's duties and obligations. In the latter capacity Mr. Richards was bound to settle and distribute the estate at and according to the law of domicile. But as trustee he could only account and be discharged from liability by the tribunal to which jurisdiction belonged, according to the *lex rei sitæ*. It is true, he might have paid and charged himself, as executor, with so much received from himself as trustee; but, until he did so, the Orphans Court of Pennsylvania could not consider any portion of the trust property as constituting any part of the funds in his hands as executor. That Court, therefore, did, in passing upon the executor's account, reject and exclude altogether the matters connected with the trust estate in Delaware. The Court did right; and I am well satisfied that this Court possesses jurisdiction over the trust of the land in Delaware.

The settlement of the personal estate and the adjustment and distribution of the testator's estate being made in Pennsylvania, the State in which the testator was domiciled at the time of his death, the record of the Court having, and which exercised, jurisdiction thereupon has been exhibited, duly authenticated, as evidence of the amount of the excess claimed in this suit as due and payable to the administrator d. b. n. c. t. a. of William T. Smith. It is received as proving the fact of excess, and the amount of it, and also that the executor in the said account has not been charged with any part thereof as received from the trustee or the trust estate, but not as having any other effect. The accountability and the liability of the trustee are questions independent of the proceedings of which that record is evidence.

The defendants insist that the land they now possess and occupy ought not to be charged, inasmuch as the

trustee has received of the trust fund, and has not accounted therefor, sufficient to pay, and ought to have paid, the amount of the excess; and further, if he has not, then having neglected it until the estate for life has expired, he can now have no equity as against those entitled to the estate in remainder. The complainants, in reply to this, rely upon that part of the will which directs the trustee to permit the tenant for life to take and receive the rents, issues and profits. But the defendants contend that this must be taken subject to the proviso which, in case of excess, directs the payment thereof within six months after the decease of testator, and *prò tanto* diminishes the amount or value of the devise, and consequently leaves the right of *cestui que trust* only applicable to the rents and profits of the residue. The proviso applies to the *corpus* or entire value of the substance or estate devised, and not the rents and profits thereof. The entire *corpus*, if the excess had been taken from it, would have passed thus diminished, on the expiration of the life estate, to the person in remainder. This not having been done he holds it entire and undiminished. Is he entitled, so far as the principal is concerned, to retain the entire estate because the trustee has neglected or omitted to make the payment as prescribed at the time appointed by testator? Shall the *cestui que trust* derive a benefit from the default of his trustee, and, claiming under the will, hold against its provisions more of the estate in value than was devised in remainder? for he has it all, and it is not pretended that any portion of the substance or integral part of the estate estimated at $20,000 has been applied to the payment of the excess. But it is alleged in defence, that the trustee, by holding the possession, recovered enough of the rents and profits to make payment. If this be so, it would exonerate the land, provided payment can be obtained from the trustee; if not, the testator has charged the estate devised. He gave authority to the trustee to pay, and placed him in a

situation to do so ; but, further, he has also provided that the land devised shall be charged and chargeable. If he had not devised to a trustee to pay, but had devised to his son William to pay the executor, and then declared the land devised charged and chargeable, the son, taking the land and receiving the rents and profits and failing to pay upon his death as tenant for life, and the entire estate in remainder so charged vesting in those entitled to the remainder, could they resist the claim of the principal because the tenant for life had not paid all out of the rents and profits, when the entire substance of the estate out of which payment was to be made had come to them undiminished and entire ? But the unpaid interest would present a different question ; and, the executor omitting to collect the same, it may with propriety be said that the remainderman has a strong equity on which to rely for being exempt from all interest except such as has accrued since he came into possession.

But it is said the charge on the land is discharged by lapse of time, no suit having been instituted nor any mode adopted for enforcing payment until twenty years had expired. The same person being executor and trustee may be considered an answer to this ground of objection. The same hand that was to pay had the right to receive ; and this so continued up to the time of the death of Samuel Richards, in 1842 ; therefore, during that period the remedy by any adversary proceeding was not available.

Again, it is argued that the proceedings in partition had the effect of discharging the trust, and that by virtue thereof the rights of the parties were changed, and the trustee, having permitted the same to progress, was thereby concluded ; and, therefore, the claim, as now presented, cannot be enforced. The record of the first case in partition discloses the fact that the trustee was in possession, and up to December, 1816, received the rents, and

was, therefore, liable to account; but it does not exhibit sufficient to warrant the conclusion that the whole sum due was actually received ; for the trustee expressly asserts the contrary, and insists on his right to retain the possession on that account; and, in that case, the proceedings were not consummated.  In the second case partition was made, but not so as to determine the trust, which it was not competent to affect.    The proceeding, then, had only ascertained and defined the parts to be held in severalty, and thereby terminated the tenancy in common, but it left the trust estate subject to precisely the same trust as before, and the liability thereof under the will unaffected.

Further, it is insisted that the other devisees had their remedy under the will, and that having neglected it, they have now no right to seek to enforce payment against the land charged.    The answer to this objection may be found in the fact that they are not so acting.    They are asserting, from all that appears in this case, their rights to hold the executor liable elsewhere ; and the parties responsible to them are here asking to have done what the executor did not, as they say, accomplish in his lifetime, viz : the payment by the land of the excess charged on it, the trustee having failed to pay.    The omission and the delay are by the complainants said to be fully explained and accounted for by the *lis pendens* and the uncertainty thereby in which the amount of the excess of value was involved.    The long and protracted controversy precluded the trustee from paying, as trustee, to himself as executor, until the final determination ascertained and definitely fixed the true amount or excess of value.    The same person being trustee and executor, although he might have held in his hands as trustee the amounts, yet he could not with propriety mingle with the items involved in that controversy which concerned the personal estate exclusively any matters which appertained to his duty as trustee of the real estate in Delaware; especially, when the extent of the

liability of the trust estate was to be ascertained and determined by the previous and final settlement of the executors' account. But, further, it may be said the trustee could not carry into that account in Pennsylvania, in his character as trustee, his receipts or disbursements as trustee; nor was the jurisdiction, acting on the executors' account, competent to act upon the account of a person who was trustee of lands in Delaware. The proceedings in Pennsylvania were confined to the personalty, and have, upon the subject matter within the jurisdiction of the courts of that State, determined all controversy and finally concluded the parties, so that it now appears what were their shares of the personal estate, and the amount of the excess is thereby ascertained, pursuant to the will of testator. The record of the case, exhibited and duly authenticated, fully establishes the above facts, viz: the shares of each and the excess of the value of such as did exceed the one eighth of testator's estate. With this branch of the case I therefore consider this Court as having neither original nor revisory power, but bound to consider it determined by the law of domicile. It, therefore, being apparent that the share of William T. Smith Jr. exceeded the one-eighth of the testator's estate by the sum claimed by the administrator d. b. n. c. t. a, one of the parties complainant, and that the same has never been paid to or charged in the account of the executor of the testator, it follows, as a necessary result, that the other owners, devisees who could only receive their proportions through the executor, whose action thereon would be requisite to apportion and pay the same, have not been paid; and they not being the persons to claim from the land, except through the executor, therefore ought not to be deprived of their right to the one eighth of testator's estate because the trustee has failed to pay the same to himself as executor. They are clearly entitled to receive the amount of the excess, when the same shall have been carried into and

made a part of the personalty, in aid of the deficiency of the testator's personal estate to make their shares equal to the one-eighth of the whole. But, as the trustee may have received, during his possession, more than, or enough to pay, the principal and interest, an account should be taken and the action of this Court had upon the trust created, under the will, of the land in Delaware.

Decree for an account.