GUSTAVE A. WUERFEL,

*vs.*

THE F. H. SMITH COMPANY, a dissolved corporation of the State of Delaware.

In the Matter of the Petition of ALMA MORTON MACDONALD, for leave to intervene for purpose of moving dismissal of bill for appointment of receiver.

*New Castle, June 4, 1940.*

*Howard Duane,* for complainant.

*Christopher L. Ward, Jr.,* for defendant.

*Harry P. Joslyn* and *R. H. McNeill* and *T. S. Settle,* both of Washington, D. C., for petitioner, Alma Morton MacDonald.

THE VICE-CHANCELLOR: This is a suit for the appointment of a receiver for defendant, a Delaware corporation, alleged to be dissolved. It was brought under *Section* 43 of the *Delaware Corporation Law, Rev. Code of Del.* 1935, § 2075, which authorizes the Court of Chancery to appoint receivers for corporations "dissolved in any manner." The allegations of the bill of complaint, all of which the answer admits, are sufficient to warrant the relief prayed for. When application for a decree was made, an alleged stockholder of defendant sought to file a. motion and a petition which were thereupon argued and treated by all parties as a petition to intervene to move for the dismissal of the bill upon two grounds: that defendant is not dissolved; and that by reason of the prior pendency of a suit in another court for the appointment of a receiver for defendant, a conflict of jurisdiction would result from the granting of relief in this proceeding.

As appears from the bill and from an annexed certificate of the Secretary of State, defendant's charter became void on April 1, 1940, for non-payment of taxes by virtue of *Section* 71 of the *Delaware Franchise Tax Law, Rev. Code of Del.* 1935, § 105. That section reads:

"105. *Sec.* 71. FAILURE TO PAY FRANCHISE TAX FOR TWO YEARS; CHARTER VOID:—If any corporation * * * shall for two consecutive years neglect or refuse to pay the State any franchise tax or taxes, which has or have been, or shall be assessed against it, or which it is required to pay under the provisions of this Article, the charter of such corporation shall be void, and all powers conferred by law upon such corporation are declared inoperative, unless the State Tax Board shall for good cause shown to it, give further time for the payment of such tax or taxes, in which case a certificate thereof shall be filed by the said Board in the office of the State Tax Department stating the reason therefor."

Petitioner contends, however, that a corporation does not, solely because of failure to pay taxes for the stated

period, become dissolved so as to authorize the appointment of a receiver under *Section* 43 of the *Corporation Law*. She says that dissolution does not occur until the proclamation of the Governor declaring the charter to be repealed has been made, advertised and recorded in accordance with *Sections* 72 *and* 73 of the *Delaware Franchise Tax Law, Rev. Code of Del.* 1935, §§ 106, 107. These provide:

"106. *Sec.* 72. REPORT OF DELINQUENT CORPORATIONS BY STATE TAX DEPARTMENT TO GOVERNOR; PROCLAMATION BY GOVERNOR:—On or before the first Tuesday of January in each year, the State Tax Department shall report to the Governor a list of all the corporations, which for two years next preceding such report, have failed, neglected or refused to pay the franchise taxes assessed against them or due by them, under the laws of this State, and the Governor shall forthwith issue his proclamation declaring that the charters of these corporations are repealed.

"107. *Sec.* 73. PROCLAMATION FILED AND PUBLISHED; NOTE ON RECORD OF CERTIFICATE OF INCORPORATION OF REPEAL OF CHARTER:—The Proclamation of the Governor shall be filed in the office of the Secretary of State and advertised in at least one, and not more than three, newspapers published within this State. Upon the filing of such proclamation, the Secretary of State shall transmit forthwith to the Recorder of each County of this State a certified copy of said proclamation, and each Recorder shall, upon receipt of such certified copy, forthwith mark in brief upon the margin of the record of the Certificate of Incorporation named in said proclamation, which is of record in his office, the fact that the charter of said corporation is repealed, and the date of said repeal."

The language of *Section* 71 is positive that if a corporation shall for two consecutive years neglect or refuse to pay taxes, its charter *"shall be void"* and all powers conferred by law upon it *"are declared inoperative,"* with a single exception not applicable here. Unless it be clearly limited or modified by the succeeding sections, it should be accorded the force which its words so plainly connote: that nullification of a charter results forthwith, and without more, upon failure to pay taxes for the period indicated. Now, the Governor's proclamation of repeal is directed to be made upon mere notification of the fact of failure to pay taxes. It is not the result of a hearing and cannot properly be considered an

adjudication. The apparent purpose of the proclamation, its recording and advertising, is to give notice at regular intervals of the repeal of charters. After repeal is proclaimed, any attempted exercise of powers under the certificate of incorporation is made a misdemeanor by *Section* 74 of the *Franchise Tax Law, Rev. Code of Del.* 1935, § 108. Certainly, these statutes with reference to the proclamation do not expressly limit the operation of *Section* 71; nor are they inconsistent with its normal and reasonable constructon so as to justify an implied limitation. Hence, it must be concluded that the doing of the things directed by *Sections* 72 *and* 73 is not a prerequisite to the voidance of a charter for non-payment of taxes. It follows that a corporation whose charter is void and powers inoperative, under *Section* 71, is dissolved within the meaning of *Secton* 43 of the *Corporation Law*.

Petitioner next urges that the same matters involved in this cause constitute the subject of litigation in a suit previously pending before another court which must retain its jurisdiction to the exclusion of this court; and that if this court should entertain the present proceeding, there would result a conflict of jurisdiction contrary to the rules of comity. In April, 1938, more than two years before the bill was filed in this court, a suit was instituted in the District Court of the United States for the District of Delaware against The F. H. Smith Company, defendant in this cause. From the bill of complaint in the federal suit, a copy of which accompanies the petition for intervention, it appears that the complainant therein charges that defendant has sustained substantial losses because of alleged wrongful acts of various groups of stockholders and because of mismanagement of defendant's officers and directors. The relief prayed for is the appointment of a receiver of the property of defendant with powers, *inter alia,* to institute suits for the recovery, protection and maintenance of its assets and properties. The bill in the federal suit does not allege insolvency, dissolution or any other ground which would authorize the

winding up of defendant's affairs and distribution of its assets, and the prayers make no reference to such relief. Defendant was not dissolved when the federal suit was brought. I shall assume that the bill before the federal court states a cause of action properly cognizable by it. However, in that proceeding no receiver has yet been appointed and since the answer filed therein denies the substantial allegations of the bill, the result of a future trial of the issues raised cannot be foretold.

The Delaware statute under which the present suit was brought reads thus:

"2075. *Sec.* 43. DISSOLVED CORPORATIONS; RECEIVERS FOR; HOW APPOINTED; POWERS:—When any corporation * * * shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of such corporation, at any time, may * * * appoint one or more persons to be receivers, of and for such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation; and the powers of such trustees or receivers may be continued as long as the Chancellor shall think necessary for the purposes aforesaid."

From this, it is quite apparent that the federal suit and the Chancery suit are based on entirely different grounds. The wrongful acts and mismanagement complained of in the earlier bill are neither alleged nor are they essential to sustain the bill before me. Here, upon the establishment of the facts that defendant is dissolved and that complainant is a creditor or stockholder, this court may, under the statute, exercise its discretion to appoint a receiver.

Although the bill in each case asks for the appointment of a receiver, the ultimate relief sought is not the same. In the federal suit, the purpose of a receiver is to protect the property of the corporation and to enforce alleged rights of action against persons not parties to either proceeding. On

the other hand, the objective in the Chancery suit, while it of course includes the protection of defendant's property and collection of its assets, is fundamentally the final settlement of the corporation's affairs. In this important respect, the purposes of the two suits may be differentiated. With this in mind, the pendency of the federal suit should not deter the Court of Chancery from granting the statutory relief called for here. Compare: *Ward v. Foulkrod,* (3 *Cir.*) 264 *F.* 627, 629; *Penn General Casualty Co. v. Commonwealth,* 294 *U. S.* 189, 55 *S. Ct.* 386, 79 *L. Ed.* 850.

No valid ground for intervention having been shown, an order will be advised denying the petition to intervene.