HARRY E. BOVAY and KENYON D. WELLS, Trustees in Bank-
ruptcy of VICKSBURG BRIDGE & TERMINAL COMPANY,
a corporation of the State of Delaware,

*vs.*

H. M. BYLLESBY AND COMPANY, a corporation of the State
of Delaware, and FEDERAL SECURITIES CORPORATION,
a corporation of the State of Illinois.

*New Castle, January 7, 1943.*

*Caleb R. Layton, 3rd,* of the firm of Hastings, Stockly & Layton, for complainants.

*Aaron Finger,* of the firm of Richards, Layton & Finger, for defendants.

HARRINGTON, Chancellor: The real question is whether the statute of limitations is a good plea.

In cases coming within its exclusive jurisdiction, a court of equity is not bound to follow the statutory period of limitations, governing similar actions at law, in determining whether a complainant is guilty of laches, barring his right of action. *Bovay, et al., v. Byllesby & Co.,* 25 *Del. Ch.* 1, 12 *A.* 2d 178; *Id.,* 26 *Del. Ch.* 69, 22 *A.* 2d 138. In the absence of some unusual circumstances, the analogous statutory period of limitations is frequently, and, perhaps, usually applied, in determining that question. *Id.* Its application is, however, merely by analogy, rather than by compulsion. *Godden v. Kimmell,* 99 *U.S.* 201, 25 *L. Ed.* 431; 2 *Pomeroy's Eq. Jur.,* (5th Ed.) §§ 419 *a,* 419 *e.* In such cases, an apparent unreasonable delay could, perhaps, be excused, and a plea of the statute of limitations would be unnecessary. See *Story's Eq. Pl.,* §§ 756, 760; *Talmash v. Mugleston,* 4 *L. J. Ch.* (*O.S.*) 200 (2 *Chafee and Simpson Cases on Equity* 1259). But, in cases coming within their concurrent jurisdiction, it seems that courts of equity con-

sider themselves bound to apply the analogous statutory period of limitations, governing actions at law. The old Court of Errors and Appeals so held in *Perkins v. Cartmell's Adm'r.*, 4 *Har.* 270, 42 *Am. Dec.* 753; see also *Dodd, Adm'r., v. Wilson*, 4 *Del. Ch.* 399; *Gootee v. Riggin*, 12 *Del. Ch.* 91, 107 *A.* 452; *Bush v. Hillman Land Co.*, 22 *Del. Ch.* 374, 2 *A.* 2d 133; *Haas v. Sinaloa, etc., Co.*, 17 *Del. Ch.* 253, 152 *A.* 216; *Rugan v. Sabin*, (9 Cir.) 53 *F.* 415; *Blue v. Everett*, 56 *N.J. Eq.* 455, 39 *A.* 765; *Kane v. Bloodgood*, 7 *Johns. Ch.* ( *N.Y.*) 90, 11 *Am. Dec.* 417; 2 *Pomeroy's Eq. Jur.*, 5th *Ed.*, § 419 *e*.

In *Perkins v. Cartmell's Adm'r., supra*, referring to that rule, the court said:

"Courts of equity consider themselves within their [statutes of limitations] spirit and meaning; and that sound policy and public convenience require their adoption."

They, apparently, take the view that it would be unjust to permit a litigant, having a legal right, to evade the statute, barring its enforcement, by seeking the aid of another court, having concurrent jurisdiction, merely because it could give more adequate and complete relief. *Blue v. Everett, supra; Wood on Limitations*, 277; 2 *Pomeroy's Eq. Jur.*, (5th *Ed.*) § 419 *e;* 34 *Amer. Jur.* 55.

In other words, it seems that if a "legal right gets into equity, the statute governs". 2 *Pom. Eq. Jur.*, (5th *Ed.*) § 419 *e;* 17 *R. C. L.* 736. In such cases, the statute of limitations, as such, rather than the doctrine of laches, is applicable, and may be pleaded accordingly. *Story's Eq. Pl.*, § 756; *Talmash v. Mugleston, supra.* This distinction was overlooked in both of the opinions previously filed. *Bovay, et al., v. Byllesby & Co.*, 25 *Del. Ch.* 1, 12 *A.* 2d 178; *Id.*, 26 *Del Ch.* 69, 22 *A.* 2d 138.

In determining whether the statute of limitations is a valid plea, the precise question is whether it appears that the defendant company is in the position of a trustee of an

express trust; but the above principles govern the case. An express trust is within the exclusive jurisdiction of a court of equity, and the statute of limitations, therefore, does not, ordinarily, run against the rights of the *cestuis que trust*. *Colwell v. Miles,* 2 *Del. Ch.* 110; *Hayden v. Thompson,* (8 *Cir.*) 71 *F.* 60; *Boyd v. Mutual Fire Ass'n.,* 116 *Wis.* 155, 90 *N.W.* 1086, 94 *N.W.* 171, 61 *L. R. A.* 918, 96 *Am. St. Rep.* 948; 2 *Pomeroy's Eq. Jur.,* (*5th Ed.*) § 419 *a,* note. Until the relation is clearly repudiated, the possession of the trustee is presumed to be the possession of the *cestuis que trust*. *Hayden v. Thompson, supra; Felsenheld v. Block Bros. Tobacco Co.,* 119 *W. Va.* 167, 192 *S.E.* 545, 123 *A. L. R.* 347; 17 *R. C. L.* 708. But mere implied trusts are in an entirely different category. They are not within the exclusive jurisdiction of a court of equity, and the statute of limitations is applicable, and may be pleaded accordingly. *Cooper v. Hill,* (8 *Cir.*) 94 *F.* 582; *Jones Mining Co. v. Cardiff Min. & Mill. Co.,* 56 *Utah* 449, 191 *P.* 426; *Landis v. Saxton,* 105 *Mo.* 486, 16 *S.W.* 912. This case is within that rule.

It appears from the allegations of the bill that H. M. Byllesby and Company was a stockholder in the Vicksburg Bridge & Terminal Company, and promoted its organization. It, also, appears that it controlled the actions of a majority of the officers and agents of the Bridge Company, when the transactions, complained of, occurred. Byllesby and Company was in the position of a fiduciary, but it does not follow that it was a trustee of an express trust. The officers and directors of a corporation are fiduciaries (*Jones Mining Co. v. Cardiff Min. & Mill. Co., supra; Cooper v. Hill, supra;* 1 *Bogert on Trusts and Trustees,* § 16, *p.* 59; *Pomeroy's Eq. Jur.,* (*5th Ed.*) § 1089; see, also, *Guth v. Loft, Inc.,* 23 *Del. Ch.* 240, 5 *A.* 2*d* 503); but they are not real trustees. *Id.* They do not hold the legal title to the corporate property. *Id.* They occupy a position of extreme trust and confidence toward all interested parties, and exercise great powers in managing corporate affairs, but they are not

trustees of an express trust in the true sense of that term. *Id.* The fact that the Vicksburg Bridge & Terminal Company was insolvent since its very organization does not change that rule. *Boyd v. Mutual Fire Ass'n., supra; Hayden v. Thompson, supra; Winston v. Gordon,* 115 *Va.* 899, 80 *S.E.* 756; *Lexington & O. R. Co. v. Bridges,* 7 *B. Mon., (Ky.)* 556; 46 *Am. Dec.* 528. The so-called trust fund theory is not involved, and need not be considered.

Statutes of limitations are intended to prevent the enforcement of stale demands, and are based on reasons of sound policy; they are statutes of repose, intended to exact diligence. *Carey, Adm'r., v. Morris,* 5 *Har.* 299; *Boston v. Bradley's Ex'r.,* 4 *Har.* 524. As a general rule, courts will not read into them conditions or exceptions that do not appear; and usually no considerations of mere inconvenience or hardship will control their apparent meaning. *Lewis v. Pawnee Bill's Wild West Co.,* 6 *Pennewill* 316, 66 *A.* 471, 16 *Ann. Cas.* 903; 34 *Am. Jur.* 150, 151; 17 *R. C. L.* 829. The Supreme Court recently emphasized that general rule of statutory construction. *Federal United Corp. v. Havender,* 24 *Del. Ch.* 318, 11 *A.* 2d 331. But it seems that the statute does not apply when the alleged fraudulent acts are concealed from the plaintiff; in such cases, it is said that its application is suspended until his rights are discovered, or could have been discovered by the exercise of reasonable diligence. *Lieberman v. Wilmington First Nat. Bank,* 2 *Pennewill* 416, 45 *A.* 901, 48 *L. R. A.* 514, 82 *Am. St. Rep.* 414. The theory seems to be that it would be inequitable and unjust to permit the defendant to profit by his own fraud. 17 *R. C. L.* 854, 855; 34 *Amer. Jur.* 152. The same rule has been applied in the law courts of this State. *Trainer v. Deemer,* 5 *W. W. Harr.* (35 *Del.*) 396, 166 *A.* 657. The complainants seek to extend that rule, and to imply other exceptions on the ground of alleged necessity. They point out that it appears from the allegations of the bill that the suit was started shortly after the Bankruptcy Court had

authorized it. They claim that, prior to that order, they, as trustees, had no authority to file the bill, and that the application of the statute must have been intended to be suspended accordingly. *Hutchinson v. Hutchinson,* 92 *Kan.* 518, 141 *P.* 589, 32 *L. R. A. (N.S.)* 1165. But the facts alleged do not bring the case within any exception appearing in the statute. *Chapt.* 146, *Rev. Code* 1935. Nor can any such exception be implied on the ground of alleged necessity. 1 *Wood on Limitations,* 17; 34 *Amer. Jur.* 155. The complainants concede that when the bill was filed the alleged fraud had been known for more than three years. As trustees, they were the mere agents of the bankruptcy court, and it could have directed the prosecution of the claim of the insolvent estate within the prescribed statutory time; there was no lack of power to assert any alleged rights.

Cases like *Hanger v. Abbott,* 6 *Wall.* 532, 18 *L. Ed.* 939 and *United States v. Wiley,* 11 *Wall.* 508, 20 *L. Ed.* 211, involve very different facts, and need not be considered. The real scope and meaning of the statute is the question, and the condition or exception, relied on by the complainants, cannot be read into it.

Nor is the running of the statute of limitations suspended by the provisions of the *Federal Bankruptcy Act.* The bill alleges that, on January 30th, 1934, equity receivers were appointed for the Vicksburg Bridge & Terminal Company by the United States District Courts for the Western District of Louisiana and the Southern District of Mississippi, respectively. That company was subsequently adjudicated a bankrupt, on its voluntary petition, on February 12th, 1934, and the equity receivers became the receivers in bankruptcy. On November 21st, 1934, the various actions were consolidated; the regular bankruptcy proceedings were suspended, and reorganization proceedings, under 77*B* of that Act, 11 *U.S.C.A.* § 207, took effect. On the same day, the complainants were appointed trustees under the latter section of the Act, and are suing as such.

The old *Section* 11, *sub. d* of the *Federal Bankruptcy Act* was amended by the Chandler Act on June 22, 1938, and now consists of two subsections, 11, *sub. d* and 11, *sub. e.* 11 *U.S.C.A.* § 29, *subs. d, e. Section* 11, *sub. d* deals with suits against a receiver or trustee of a bankrupt estate, but *Section* 11, *sub. e* is the important one. It provides:

"A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy. \* \* \*"

*Section* 102 of the *Bankruptcy Act of* 1938, 11 *U.S.C.A.* § 502, further provides that the "date of adjudication" will be taken to be the same as the date of the approval of the debtor's petition.

By the express provisions of *Section* 11, *sub. e*, the right of the complainants, as trustees, to sue was, therefore, limited to two years from November 21st, 1934, or to such further period as might be permitted by state laws. As construed by the courts, the applicable statute permits suits to be brought within three years from the discovery of the fraud. *Chapt.* 146, *Rev. Code* 1935; *Lieberman v. Wilmington First Nat. Bank, supra; Trainer v. Deemer, supra.* That provision of our law was not complied with.

Moreover, the general language of *Section* 77B, *sub. b* of the *Bankruptcy. Act* does not affect the meaning of the specific language of *Section* 11, *sub. e.* Prior to June 22, 1938, *Section* 77B, *sub. b* provided:

"The running of all periods of time prescribed by any other provisions of this Act [title], and by all statutes of limitations, shall be suspended during the pendency of a proceeding under this section."

This language appears in that part of the section which deals with claims against the bankrupt debtor's estate; not to claims asserted on its behalf by the trustees. Its apparent purpose is to preserve the rights of creditors of the bank-

rupt, as they existed at the commencement of the proceedings, to give time for a proper consideration of the plan of reorganization, and to prevent any precipitate action by the creditors. *Gilbert's Collier on Bankruptcy*, (*4th Ed.*) § 1542; see, also, *Gerdes on Bankruptcy*, § 1151. The context of the statute is in accord with this conclusion, and our State statute of limitations is controlling. *Nairn v. McCarthy*, (7 *Cir.*) 120 *F.* 2d 910; *Eiffert v. Pennsylvania Central Brewing Co.*, 141 *Pa. Super.* 543, 15 *A.* 2d 723. It is unnecessary to consider the language of *Section 77B, sub. b*, as amended in 1938 by *Section* 261 of the Chandler Act, 11 *U.S.C.A.* § 661.

The plea based on the statute of limitations is good in both form and substance, and the complainants' motion is denied.

An order will be entered accordingly.

Note: Two motions for reargument were subsequently filed and denied in an opinion reported *post p.* 76.