JANICE LEVIN and BENJAMIN W. COHEN,

*vs.*

THE FISK RUBBER CORPORATION, a corporation of the State of Delaware, now dissolved.

*New Castle, August 7, 1943.*

*W. Reese Hitchens,* of the firm of Hering, Morris, James & Hitchens, for complainants.

*Aaron Finger,* of the firm of Richards, Layton & Finger, for defendant.

HARRINGTON, Chancellor: The complainants seek to have a receiver appointed for the Fisk Rubber Corporation, which was organized in this State, but was finally dissolved by the proper corporate action under *Section* 39 *of the General Corporation Law, Revised Code* 1935, § 2071, on March 13th, 1940. There are no creditors, and the preferred stock has been redeemed, but there is an outstanding common stock issue of 439,423 shares, the holders of which are the real owners of the corporation together with all of its assets.

The complainants together hold 75 shares of that stock, of the par value of $1.00 per share. Until shortly prior to the dissolution of the Fisk Rubber Corporation, it was engaged in the manufacture of tires and other rubber products. Some time between October and December of 1939, its directors conspired with the United States Rubber Company and others to sell all of its assets to that company at a price far below their real value, and for their personal profit and advantage. Among the chief assets of the corporation were certain patent rights, of great value, pertaining to the manufacture of cord tires, but which were carried on its books at a nominal value of $1.00. The validity of these patents had been established by certain litigation in the federal courts and by the refusal of the Supreme Court of the United States to grant a writ of *certiorari* on a judgment in favor of the corporation. The alleged fraudulent scheme contemplated that the directors of the Fisk Rubber Corporation would approve and recommend to its stockholders the sale of all of its

assets, including these patent rights, to the United States Rubber Company, at a price based on their book value. Pursuant to this scheme, they caused the corporation to agree to sell all of its assets to the United States Rubber Company, and a contract to that effect was made on or about December 9th, 1939. The directors subsequently solicited the approval of the contemplated sale by the stockholders of the Fisk Rubber Corporation, and by fraudulently concealing and misrepresenting the value of its assets, induced a majority of them to approve that contract. Thereafter all of its assets were transferred to the United States Rubber Company, and the corporation and its common stockholders were damaged by that sale in a sum exceeding $5,000,000; the complainants refused to agree to the ratification of the contract. Because of the fraud, so perpetrated on the corporation, an action is now pending in the Supreme Court of New York against its directors and others, in which the Fisk Rubber Corporation is named a party defendant. The complainants are among the plaintiffs in that action, and as the fraud was perpetrated by the directors it is imperative that a receiver be appointed "to prosecute the right of action existing in the Respondent corporation."

All of these facts are alleged in the bill, and admitted by the defendant's demurrer.

The appointment of a receiver for a dissolved corporation may be within the inherent power of a court of equity. 16 *Fletcher Cyc. Corp.*, *(Per. Ed.)* §§ 8197, 8198; 8 *Thompson on Corp.*, § 6556.

But in any event, *Section 43 of the General Corporation Law, Revised Code,* 1935, § 2075, *provides:*

"When any corporation organized under this Chapter shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of such corporation, at any time, may either appoint the directors thereof trustees, or appoint one or more persons to be receivers, of and for such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the company, with power to prosecute and defend,

in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation; and the powers of such trustees or receivers may be continued as long as the Chancellor shall think necessary for the purposes aforesaid."

The allegations of the bill bring the case within that provision. The Fisk Rubber Corporation has been dissolved, and the complainants are interested stockholders; moreover, there are no creditors. It appears that prior to the dissolution of the corporation, a fraud was perpetrated on it by its directors and others, and that an action, brought on its behalf, to recover for the losses and damages suffered, is pending in the State of New York. The appointment of a receiver for the protection of the corporation and its interested stockholders, therefore, seems reasonably proper. See *Wuerfel v. F. H. Smith Co.*, 25 *Del. Ch.* 82, 13 *A.2d* 601.

Under *Section 43*, and notwithstanding *Section 42*, *of the General Corporation Law, Revised Code 1935*, §§ 2074, 2075, the power of the court to appoint a receiver for a dissolved corporation, in a proper case, is not limited to three years from its dissolution (*Slaughter v. Moore*, 9 *Del. Ch.* 350, 82 *A.* 963; *Harned v. Beacon, etc., Real Est. Co.*, 9 *Del. Ch.* 232, 80 *A.* 805); by its express provisions, the appointment may be made "at any time", within the discretion of the Court.

In support of its demurrer, the defendant points out that it appears from the bill: (1) that the corporation was dissolved March 13th, 1940, and (2) that the tentative contract of sale, which was subsequently ratified by a majority of the stockholders over the objection of the complainants, and carried out by the delivery of assets, was dated December 9th, 1939. It stresses the fact that the bill was not filed until May 6th, 1943, or more than three years after the dissolution of the corporation, and approximately three and one-half years after the preliminary contract of sale had

been made; it claims that it, therefore, appears from the face of the bill that the complainants have been guilty of laches in seeking the appointment of a receiver.  *Federal United Corporation v. Havender,* 24 *Del. Ch.* 318, 11 *A.2d* 331.

The defendant further claims that any action that might be brought by a receiver would be barred on the same, or similar, grounds (*Federal United Corporation v. Havender, supra; Bovay, et al., v. H. M. Byllesby & Co., ante p.* 33, 29 *A2d* 801) ; if brought in a Court of Law, three years having expired since the alleged corporate rights accrued, it would be barred by the statute of limitations, and if brought in equity, being necessarily within the realm of concurrent jurisdiction, the same statutory provision would prevent recovery.  *Bovay, et al., v. H. M. Byllesby & Co., supra.*

Mere lapse of time, without any change in position making the action of a court unfair and inequitable, seldom constitutes laches, barring the relief sought by a bill.  *Bovay, et al., v. H. M. Byllesby & Co.,* 25 *Del. Ch.* 1, 12 *A.* 2d 178; *Bay Newfoundland Co. v. Wilson & Co.,* 24 *Del. Ch.* 30, 4 *A.* 2d 668. That rule is applicable to this case. Nor does it clearly appear that any action brought by a receiver, if appointed, would be futile.  That would depend on the pleadings, and, perhaps, on the statutory provision in the jurisdiction in which the suit was brought.

In the action pending in the State of New York, in which it is sought to assert corporate rights, the Fisk Rubber Corporation is "named" a party defendant, but nothing more appears.

The demurrer is overruled, and an order will be entered accordingly.