522

Gorczynski, Appellant, *v.* George.

Argued November 20, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Alexander J. Bielski,* for appellant.

*Wm. J. Lancaster,* for appellee.

Opinion by Gunther, J., January 17, 1952:

Adam Gorczynski, appellant, instituted this action in trespass against William D. George and others, trustees of the Pittsburgh Railways Company in bankruptcy, seeking damages for injuries sustained while a passenger on one of defendant's street railway cars. Defendant, under New Matter, pleaded the Pennsylvania Statute of Limitations [1] averring that appellant's complaint (which was filed on June 8, 1948, and served on July 6, 1948) disclosed that the accident occurred on October 16, 1938, or almost ten years prior to suit; that appellant's right to recover was barred because action was not instituted within the two year period as prescribed. The court below dismissed the complaint on the ground that the Pennsylvania Statute of Limitations barred appellant's right; this appeal followed. The judgment will be affirmed.

The complaint averred, *inter alia*, that on October 16, 1938, appellant, while a passenger on a street car of the defendant, was injured as a result of the negligence of the defendant's servants; that at the time of the injury defendant was under the jurisdiction and control of the Federal District Court of the United States for the Western District of Pennsylvania at Pittsburgh, Pennsylvania, by reason of certain bankruptcy and reorganization proceedings.

Appellant contends that since defendant has been adjudged a bankrupt and was proceeding to reorganization by virtue of §77B of the Federal Bankruptcy Law the Pennsylvania Statute of Limitations upon which the court below relied was suspended by the provisions

---

[1] The Act of June 24, 1895, P. L. 236, Section 2, 12 PS §34, provides in part: "Every suit hereafter brought to recover damages for injury wrongfully done to the person in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; . . .".

of the Federal Bankruptcy Act. More particularly that subsection b (10) of 77B, 11 U S C A §207, sub. b. (10) of the Bankruptcy Act which reads: "The running of all periods of time prescribed by any other provisions of this title, and by all statutes of limitations, shall be suspended during the pendency of a proceeding under this section" suspends the state statute.

We are not, however, confronted with the question as regards this appellant whether the Federal Bankruptcy Law suspends the Pennsylvania Statute of Limitations as the appellant contends. The record clearly discloses that on June 14, 1938, (prior to the accident here alleged) the Federal District Court of the United States for the Western District of Pennsylvania entered an order at the time of appointing trustees, which order provided, *inter alia,* "(5) That the Trustees are hereby authorized and empowered . . . to defend, compromise and settle . . . all claims for and all actions for damages based upon the alleged negligence of the Debtor, its servants, agents or employes, in the operation and management of the business of the Debtor; to make payments pursuant to such compromises and settlements in satisfaction of such claims, if the same are based upon causes of action which accrued *subsequent* to May 10, 1938, provided that the amount paid in any one instance shall not exceed the sum of Two Thousand Five Hundred Dollars ($2,500.00) ; to make payments of . . . judgments in any suits for damages based on causes of action arising subsequent to May 10, 1938, and to make payments of all expenses, court costs, costs incurred before any commission or other tribunal, including attorney fees in connection with the aforesaid, such payments to include sums now due and sums which may hereafter become due, of the kind herein authorized to be paid. . . . (7) All persons, firms, associations and corporations are

hereby jointly and severally enjoined and restricted from instituting and prosecuting and continuing the prosecution of any action, suit or proceeding at law, or in equity, or any other proceeding against the Debtor, excepting, however, . . . *actions for damages* based upon the alleged negligence of the Debtor, its servants, agents, or employes, in conduct and operation of the business of the Debtor, which said . . . *actions for damages may be instituted and prosecuted to final judgment;* . . ." (Italics supplied).

In the case of *Bovay v. Byllesby & Co.*, 27 Del. Ch. 33, 29 A. 2d 801, the court of Delaware had occasion to pass upon a similar contention regarding the applicability of the section of the Bankruptcy Act relied upon by the present appellant. The court said: "Its apparent purpose is to preserve the rights of creditors of the bankrupt, as they existed at the commencement of the proceedings, to give time for a proper consideration of the plan of reorganization and to prevent any precipitate actions by the creditors. The context of the statute is in accord with this conclusion and our state statute of limitations is controlling".

The order of the Federal Court set out, *supra,* is controlling and disposes of this appeal. Appellant in the present case was under no disability to institute suit when his cause of action arose. The order of court referred to permitted him to institute his suit against defendant within the time limitation prescribed by the applicable statute of limitations which in this case was the Pennsylvania statute. Not having instituted suit within two years from the time of the injury, appellant's complaint was barred by that statute; the court below did not err in dismissing his complaint. Cf. *Nairn v. McCarthy,* 120 F (2) 910 (CCA 7th 1941).

Judgment affirmed.