WASHINGTON FIRE COMPANY, No. 7, OF THE CITY OF WILMINGTON, DELAWARE, a corporation existing under the laws of the State of Delaware,

*vs.*

## JAMES H. YATES.

### *New·Castle, Aug.* 25, 1921.

The object of a name in a document or statute is chiefly to serve the purposes of identification, and intention is the thing sought after, and resort may be had in proper cases to evidence aliunde for the purpose of discovering the person meant to be designated, and error or mistake in use of name in statute will not be permitted to frustrate intent appearing therefrom.

The Washington Fire Company, No. 7, of the City of Wilmington, is and has been since 1841 a de jure corporation though the statutes incorporating and reincorporating it (*Acts Gen. Assem. Feb.* 9 1841 [9 *Del. Laws, c.* 296] *Feb.* 7, 1849 [10 *Del. Laws, c.* 301], *Jan.* 25, 1869 [13 *Del. Laws, c.* 576], *Feb.* 6, 1889 [18 *Del. Laws, c.* 777], *March* 13, 1895 [20 *Del. Laws, c.* 256]) used different names in describing it; it appearing from the statutes that there was but one corporation, and land conveyed to it under its original name did not revert to grantors.

Where fire company was incorporated by a special act, in which its life was limited to twenty years, it did not cease to exist, and title to its land did not revert to grantors by reason of failure to become reincorporated until eleven days after expiration of the twenty years.

The Washington Fire Company of the City of Wilmington *held* sufficiently described in a deed to the "Washington Fire Company of said city," the city being previously mentioned when the residence of the grantors was stated, and it being evident from the use of the words "its successors and assigns" that grantee was a corporation.

BILL·FOR SPECIFIC PERFORMANCE of a contract for the sale of land. Heard on bill, answer and stipulations of solicitors for the respective parties as to certain facts, which are set forth in the opinion of the Chancellor.

*J. LaPenne Guenveur*, for the complainant.

*Henry R. Isaacs*, for the defendant.

THE CHANCELLOR. On February 9, 1841 (9 *Del. Laws, Chapter* 296), "Washington Fire Company of the City of Wilmington" was incorporated by special act of the Legislature.

On February 7, 1849 (10 *Del. Laws, Chapter* 301), "An act to incorporate the Washington Fire Company of the City of Wilmington" was passed. This act recited that the preceding act was considered defective and inadequate, and had not been recorded agreeably to law. After such recital, this act names certain individuals and in proper form constitutes them and others associated with them a body corporate under the name the "Washington Fire Company of the City of Wilmington." The life of the corporation was limited to twenty years.

Thereafter, to-wit, on April 17, 1866, four several deeds, conveying the land in question were in due and legal form executed and delivered by Patrick Taggart and wife to the grantee therein named, its successors and assigns. The grantors were described as of the City of Wilmington, New Castle County and State of Delaware; and the grantee is described not as the "Washington Fire Company of the City of Wilmington," but as "Washington Fire Company of said city."

It is contended that this description of the grantee is not sufficiently definite to identify the corporation so incorporated as above as the grantee intended to be named in the deeds.

On January 25, 1869 (13 *Del. Laws, Chapter* 576), the following act was passed:

"An act to re-incorporate the Washington Steam Fire Engine and Hook and Ladder Company, No. 7, of the City of Wilmington, Delaware, instituted January 4, 1840, incorporated February 9, 1841.

By this act the life of the corporation was limited to twenty years from the date of the passage of the act and no longer. Because of the variation in the name of the corporation, it is contended that this act did not have the effect of renewing the life of the original corporation known as the "Washington Fire Company of the City of Wilmington."

On February 6, 1889 (18 *Delaware Laws, Chapter* 777), the following act was passed: "An act to re-incorporate the Washington Steam Fire Engine and Hook and Ladder Company, No. 7, of the City of Wilmington, Delaware." It is to be observed that this act was passed eleven days after the expiration of the twenty years mentioned in the preceding act. It is contended that by

reason of this fact, the corporation attempted to be renewed ceased to exist and that title to its real property reverted to its grantors, their heirs and assigns.

On March 13, 1895 (20 *Delaware Laws, Chapter* 256), the following act was passed:

"An act to amend an act entitled 'An act to re-incorporate the Washington Steam Fire Engine and Hook and Ladder Company, No. 7, of the City of Wilmington, Delaware,' passed at Dover February 6th, A. D. 1889."

This act provides, as follows:

"*Section* 1. That the name of the Washington Steam Fire Engine and Hook and Ladder Company, No. 7, of the City of Wilmington, Delaware, be and the same is hereby changed to the 'Washington Fire Company No. 7 of the City of Wilmington, Delaware.'

"*Section* 2. That the charter of said company and all acts amending or re-incorporating the same be and the same are hereby amended by striking out the words 'the Washington Steam Fire Engine and Hook and Ladder Company No. 7, of the City of Wilmington, Delaware,' wherever they occur and insert in lieu thereof the words 'the Washington Fire Company No. 7 of the City of Wilmington, Delaware.'"

Three objections are made against the title of the complainant as a good, marketable, fee simple title. I shall notice these and dispose of them seriatim.

1. It is said that the complainant is not an existing corporation; that by reason of the various acts of the Legislature above referred to, whatever might have been the status of the complainant as a lawful corporate entity at a former time, it is now no longer existent, for the reason that the re-incorporating acts of 1869 and 1889 mention a corporation by the name and style of Washington Steam Fire Engine and Hook and Ladder Company, whereas the name and style of complainant prior to these acts, or of the corporation which complainant claims to have been, was simply Washington Fire Company of the City of Wilmington.

No question is made of the propriety of attacking the fact of corporate existence in such a proceeding as the pending one. I refrain from considering such question, especially because, as will appear from what follows, it is the judgment of the court that the complainant is in fact and of right a lawful corporation whose original name was Washington Fire Company of the City of Wil-

mington, the name by which it took title to the land involved in this controversy.

It is apparent that the Legislature in the enactment of the various acts above referred to manifested a degree of carelessness in connection with this corporation's legislative charter that is well calculated to confuse the mind and cause a questioner to raise doubts concerning its corporate existence.

Under the stipulations filed in the cause, as well as under a careful consideration of the various acts mentioned, there can be no doubt as to what the conclusion ought to be.

By their stipulation, the parties agree in part as follows:

"1. That there has been since February 9, 1841, when the corporation was first organized, an organization or corporation whose object has been the prevention of fires, known as the Washington Fire Company of the City of Wilmington, later known as the Washington Steam Fire Engine and Hook and Ladder Company, No. 7, of the City of Wilmington, Delaware, and later as the Washington Fire Company, No. 7, of the City of Wilmington, Delaware. This corporation, as is set forth in the answer filed in the above entitled cause, originally received a charter under the name of Washington Fire Company of the City of Wilmington.

"2. That it was this original corporation which was intended to be renewed from time to time by the various acts of the Legislature set forth in said answer, and which now purports to exist, and being the complainant in this cause.

"3. That there has always been from February 9, 1841, one corporation and only one, which said corporation is the complainant, engaged in preventing and fighting fires, having continuous existence and claiming this continuous existence by virtue of these said acts of the Legislature, and no other acts of the Legislature.

  *  *  *  *  *  *

"6. That there has been in the city of Wilmington no other corporation bearing the same name or any similar name, nor has any other corporation or body politic, other than the complainant, claimed existence, or the benefit of the said acts of the Legislature."

The acts referred to in the stipulations are the acts referred to in the foregoing part of this opinion.

These admissions are sufficient in themselves to dispose of the question at issue between the parties. The object of a name is chiefly to serve the purposes of identification. In the construction of documents, the importance of names is emphasized

because of their significance in the process of ascertaining the identity of the persons intended. Intention is the thing sought after; the solicitude of the law to ascertain it is so marked, that resort is had in proper cases to evidence aliunde the document for the purpose of discovering the person meant to be designated by the name in question.

In legislative acts, where names are employed, it is likewise the intention that is to govern. I can see no reason to distinguish the rule when an act of the Legislature is involved, except perhaps in the extent to which resort may be had to evidence outside the act itself for the purpose of disclosing the intent in the use of the name. However this may be, the parties to this cause have themselves agreed that no matter what names were made use of by the Legislature in the foregoing acts, it was always the same corporation that was intended. If the parties so agree, as between them, that ought to end the matter.

But aside from the stipulations of the parties, it seems to be very clear that the acts themselves when taken together disclose that it was the same corporation intended to be referred to by the Legislature in every one of them. The original act was passed February 9, 1841; the name was Washington Fire Company of the City of Wilmington. The next act was passed in 1849, and clearly by its very terms referred to the same corporation, using the correct name. Then followed the act of 1869, in which a different corporate name appears. But that the same corporation was intended is strongly indicated by reference to the date of February 9, 1841, as the date of its original incorporation. Furthermore, reference to the published laws fails to disclose another act passed on that date, or indeed, at any other time preceding 1869, incorporating any company by any such name as that employed in the act of 1869. The act of 1889 ties in with the act of 1869, and refers, of course, to the same corporation as the act of 1869 was meant to refer to. Then followed the act of 1895 which clearly reveals the legislative realization of the error which had been committed in the use of the corporation's name. By that act the mistake is rectified by making the proper amendment to all prior acts and giving the corporation the name by which it now files this bill. I cannot read the act of 1895 in any other light. The

Legislature was evidently intending to rectify a mistake, and because of the nature and character of the acts first herein summarized, and their apparent relation with each other, the conclusion seems to me to be inevitable that it was these acts that the Legislature was endeavoring to amend when it passed the act of 1895.

If, therefore, would appear that within the acts themselves, there is evidence warranting the conclusion that it was the complainant corporation which was intended to be referred to in all of said acts of the Legislature, no matter what variation there may have been in the name given to it.

Names are to be subordinated to intent, for they are to be regarded as mere aids in arriving at intent. If the intent is clear, error or mistake in the use of the name will not be permitted to frustrate that intent which the name was meant to convey.

In considering the construction of the acts of the Legislature relevant to this corporation, I have examined with approval the following citations which seem to warrant the views I have adopted : 2 *Kent's Com., par* 292; 2 *Fletcher's Cyc. of Corporations, par.* 742, p. 1696; *Atty. Gen. v. Railroad Companies,* 35 *Wis.* 425, 556; *Cotton v. Miss. & Rum River Boom Co.,* 22 *Minn.* 372.

It should be added that since 1895, the complainant is conceded to have been a de jure corporation if it was such before that date. I hold that it was such before that date though its name was different from its present one. The position of the defendant, therefore, that he ought not to be required to perform his part of the contract of purchase on the ground that the complainant is not the same corporation that acquired title from the Taggarts in 1866, is not tenable.

2. It is contended that the corporation, if it ever had title to the land, lost the same by failure to become reincorporated within the twenty years period of its life fixed by the act of 1869, and that this failure resulted in a reversion of the title to the heirs at law of the grantors. This contention is not sound. *Diamond State Iron Co. v. Husbands,* 8 *Del. Ch.* 205, 68 *Atl.* 240.

3. It is further contended that the deeds of 1866 did not convey title to the complainant, whose name at that time was, as the foregoing portion of this opinion discloses, "The Washing-

ton Fire Company of the City of Wilmington." That the grantee in said deeds was a corporation is evident from the use of the words "its successors and assigns" in that portion of the deeds where the estate granted is limited. The name of the grantee was simply "Washington Fire Company of said city." The words "said city" referred to Wilmington, Delaware, because that was the city previously mentioned in the deeds when the residence of the grantors was stated. In the last analysis, therefore, the exact corporate name was by all reasonable intendment given. The fact however that the grantee, so correctly named, was a corporation, was not, as is usually the case, mentioned. But this was no serious omission because for the reason above stated, it is clear from the deeds themselves that the grantee was in fact a corporation.

That the Washington Fire Company of the City of Wilmington, a corporation, was the grantee in said deeds, is thus manifest from the deeds themselves. That this corporation was the complainant, a corporation of this state, whose name was slightly different from its present name is further manifest from the stipulations filed in the cause, which among other things, agree, as follows:

1. (Set forth supra.)

"4. That it was this corporation, though misnamed, that was intended to be the grantee in the deeds referred to in said answer, which said deeds conveyed the several tracts of land making up the entire lot, to the party of the second part, its successors and assigns forever, to and for the only proper use and behoof of the said party of the second part, its successors and assigns forever, and was not to the party of the second part, its heirs and assigns forever, which said party of the second part in said deeds is set out as Washington Fire Company of said city."

"5. That it was this same corporation, being continuously in existence, and basing its claim for existence as a corporation on the same several acts of the Legislature, that took possession and ownership of the land in question, paid taxes thereupon, leased it from time to time, and generally exercised all acts of ownership over it for a space of fifty-five years, and now attemps to convey title."

In the light of the deeds and the foregoing stipulations there can be no doubt but that the complainant was the grantee intended to be mentioned in the conveyances of 1866.

No objection to the title of the complainant as a good, marketable, fee simple title, free and clear of all liens and incumbrances,

is made other than the three objections already disposed of favorably to the complainant.

A decree will, therefore, be entered granting the relief prayed for by the bill of complaint, with costs to be paid by the defendant within thirty days, or attachment.