ALFRED L. LYNCH v. ANNA F. BUNTING.

(*November* 30, 1942.)

HARRINGTON, Chancellor, RODNEY, SPEAKMAN and TERRY, J. J., sitting.

*James M. Tunnell, Jr.,* (of Tunnell and Tunnell) for Plaintiff in Error.

*Daniel J. Layton, Jr.,* for Defendant in Error.

Supreme Court, September Session, 1942.

RODNEY, J., delivering the opinion of the Court:

This case, in dealing with the construction of the words of the deed, calls into play certain intricate and abstruse terms of property law which many courts and writers have used interchangeably with confusing results. This, in a measure, may be seen from the stipulation where the plaintiff claims that the deed in question conveyed a "limited," "base," "qualified" or "determinable" fee. Each of these terms have been used by certain authorities and often in contra-distinction to each other. The term "limitation" is not strictly accurate when used of and by itself, for in every estate there is a limitation, express or implied, connoting the measure of the estate or the time it has to run. So the very words "heirs" or "heirs of the body" are deemed words of limitation. For this reason the terms "special limitation," "collateral limitation," or "conditional limitation" came to be used as denoting that language which causes terminability other than that which normally would ensue. As expressive of the claim of the plaintiff we prefer to use the term "fee simple determinable" as it is used by most of the authorities and by the Restatement of the Law of Property, Chapter 4.

There are estates of fee simple absolute and fee simple defeasible. With the first we are not primarily concerned. While the Court below found the estate granted was a fee simple absolute, yet this is the sole assigned error, and so we must first determine whether the grant falls into another category.

Estates of fee simple defeasible are simply estates which may last forever, and yet in themselves contain elements by which the estate may be defeated. Of the types of such estates it is only necessary to consider two (a) fee

simple determinable, and (b) a fee simple subject to a condition subsequent. At times it is not easy to distinguish between the two, but a distinction clearly exists, and is recognized by all the authorities. One great distinction is that in a fee simple determinable the special limitation marks the cessation of the estate of the grantee, and upon the happening of the event the estate of the grantee is absolutely concluded without entry or action on the part of the grantor or those claiming under him. Because the estate may exist forever it is a fee simple, and because it may be defeated it is not a fee simple absolute, but a fee simple determinable, and a possibility of reverter remains in the grantor. In a fee simple subject to a condition subsequent the estate is not necessarily ended upon the happening of the specified event. The grantor has granted all of his estate, and any future interest arises only upon his affirmative action after the happening of the prescribed event. Even upon the happening of the event which may conclude the estate of the grantee such estate continues until the grantor, by entry or other equivalent measures, takes advantage of his reserved right or power to defeat the former estate. There is a strong analogy between the differences between a determinable fee on the one hand and a fee simple subject to condition subsequent on the other, and the difference between what, in other branches of the law, may be shown by the terms "void" and "voidable." In a fee simple determinable after the happening of the event any further estate of the grantee is nonexistant; in a fee simple subject to condition subsequent after the happening of the event any further estate of the grantee is voidable.

We must now consider the language of the deed and determine whether it aptly describes a fee simple determinable and consider the position of the words having such effect as they appear in the granting clause of the instrument, and what effect the absence of such words from the habendum may have.

Because it is essential that in order to introduce a determinable feature into a fee simple conveyance that the instrument itself must, on its face, contain a specific intent so to do, so the use of apt and proper words must be given proper consideration. All of the authorities, ancient and modern, are agreed that the most apt and proper words for the creation of a fee simple determinable are "until," "during," "so long as" and similar expressions, but other words may have the same effect. It will be observed that the apt phrase "so long as" is the term used in the present deed.

The limiting language of the present deed is divisible into two parts. There is first the expression "and the parties of the first part have deeded this land to the parties of the second part for the purpose of school and no other purpose * * *."

It would seem that these words alone might be expressive solely of the purpose or use of the grant, and there is nothing therein to mark the period which should terminate the estate itself. In *First Presbyterian Church v. Bailey,* 11 *Del. Ch.* 116, 97 A. 583, and in *Delaware Land & Development Co. v. First and Central Presbyterian Church,* 16 *Del. Ch.* 410, 147 A. 165, it was held that the mere expression of a purpose would not create a condition subsequent or prevent the vesting in the grantee of a fee simple absolute. So we think no mere expression of purpose of and by itself can debase a fee so as to create a fee simple determinable. Restatement of the Laws of Property, Vol. 1, Chap. 4, page 129.

The limiting phrase of the deed, however, did not stop with the foregoing quotation, but continued "and [the deed or the estate] shall be good so long as there is a school house kept on it and a school kept there at the customary times of teaching."

These words are either a merely reiterated and

repeated desire of user, or they constitute a special limitation of the estate. Apt and proper words for the purpose of creating a special limitation are made use of, and, except for the inclusion of an express right of reverter, it is somewhat difficult to see how a grantor could have more concisely and effectually declared such intent. The fact that the possibility of reverter is not expressly mentioned and reserved to the grantors is not a material circumstance, for such possibility of reverter is a legal consequence of the estate itself, rather than a fact which creates the estate. If the possibility of reverter becomes operative and the estate is returned to the grantors, the estate is not restored to the grantors as something conveyed by the reverting clause, but because the fee had ceased to be in the grantees, by reason of the happening of the prescribed event. *Cookman v. Silliman,* 22 *Del. Ch.* 303, 2 A. 2d 166, at page 168.

We think the language of the present deed, unless prevented by some other reason, would create an estate of fee simple determinable. It is surprising to find a number of cases involving language almost identical with the present deed, and to find almost entire unanimity in the construction.

In *Fayette County Board of Education v. Bryan,* 263 Ky. 61, 91 S. W. 990, 992 (II), the words were "so long as it is used for a school." The clause was held not merely declaratory of the purpose of the grant, but as creating a determinable or qualified fee subject to termination and reversion upon cessation of that use.

In *Green v. Gresham,* 21 Tex. Civ. App. 601, 53 S. W. 382, the words were "so long as said lands shall be used by said district for school purposes." In *Eyssen v. Zeppa,* (Tex. Civ. App.) 100 S. W. 2d 417, the words were "so long as said tract or parcel of land is used for school purposes." In both cases it was held that a condition subsequent was not created, but the words constituted a fee simple determinable

(there called a conditional limitation), and that no entry was necessary upon the termination of the use.

In *First Reformed Dutch Church v. Croswell,* 210 App. Div. 294, 206 N. Y. S. 132, 133, the estate was limited to endure "so long" as a church was "kept and used" on the premises. The words were held to be words of limitation and not of condition, and that they marked the period which determined the estate.

In *Application of Gladstone,* 257 App. Div. 696, 15 N. Y. S. 2d 301, 302, the body of the deed granted land for a "site of a school house and for the length of time only which it shall be occupied for that purpose."

The habendum was for "so long as it shall be occupied for the above named purposes." It was held that the limitation was effective, and that the School District lost right of possession if the maintenance of a school on the site was permanently discontinued.

In *Board of Education of Lebanon Village School Dist. v. Hollingsworth,* 56 Ohio App. 95, 10 N. E. 2d 25, just after the description appeared the words "said lands to be occupied for the purposes of a school house and for no other uses or purposes whatsoever." The habendum was "so long as the same shall be occupied as a site for a school house and no longer." It was held that a determinable fee was created.

In *Fall Creek School, Tp. v. Shuman,* 55 Ind. App. 232, 103 N. E. 677, annexed to the description were the words "so long as the same is used for school purposes." It was held that a fee simple determinable [conditional limitation] was thus created.

In *Malone v. Kitchen,* 79 Ind. App. 119, 137 N. E. 562, 563, the language was "so long as the foregoing land shall be used for a public school." It was held that neither a fee simple absolute nor an estate upon condition was created, but an estate in fee, which determined when the grantee

ceased to use the land for the designated purpose, and it then reverted to the grantor.

We think the language of the present deed, unless prevented by its location in the deed or by other language therein, would create a fee simple determinable. In arriving at this conclusion we are not unaware of the scholarly controversy as to whether such estates can exist since the statute "Quia Emptores." Gray in his Rule against Perpetuities (1886) first seriously denied the possibility of such estates, and he has been both followed and strenuously opposed by many able scholars. We would not presume to add to the discussion. It is sufficient that beginning in 1892 with *First Universalist Soc. v. Boland,* 155 Mass. 171, 29 N. E. 524, 15 L. R. A. 231, no American Court has been found to reject the existence of such estates, and the latest (4th) Edition of Gray so concedes. For some phases of the discussion see *Gray on Perpetuities* (4th Ed.), pp. 15-47; *Determinable Fees in American Jurisdictions,* 17 Harvard L. Rev. 297; *Determinable Fees,* 23 Columbia Law Rev. 207; *the Quest for Tenure,* 33 Yale Law Journal 248; *Rights of Reverter and Statute Quia Emptores,* 36 Yale L. J. 593; *Estates upon Condition,* 5 Va. Law Rev. 373; *Determinable Fees and Fees upon Condition,* 24 Cal. Law Rev. 512; 6 *Thompson on Real Property,* p. 713; *Tiffany on Real Property* (2d Ed.), p. 336; *Halsbury Laws of England* (2d Ed.), Vol. 27, p. 665.

We must now consider the location of the words which we think create a fee simple determinable. The words appear in the granting clause of the deed, immediately following the description. They do not appear in the habendum, nor are any words found there bearing upon any limitation of the estate. The Court below adopted the true rule that in determining the intent of the parties the entire instrument should be considered. This is for the very reason that a specific intent, if clearly expressed, even though out

of place, should not be overlooked. The contract of the parties consists of the entire deed, and any construction which requires rejection of an entire clause is not to be admitted, except in cases of unavoidable necessity. (16 Am. Jur. 535.)

Is there a necessary repugnancy between the habendum and other portions of the deed? That the deed was not drawn with meticulous care is quite evident. The school law in force at the date of the deed (Revised Code 1874, c. 42, Sec. 22, p. 212) provides that a school district should have corporate power to hold ground for a school house, but no other corporate powers or franchise. The parties of the second part in the deed were "The Commissioners of School District No. 128 and their successors." If the deed intended to convey the property to the Commissioners and their successors in office, then the words "heirs and assigns" in the habendum were not carefully selected for the purpose, and the word "heirs" had no place in the deed. We make no point of this, however. The habendum, we think, was intended to grant a fee simple estate. But that was exactly the estate granted by the earlier provisions of the deed. The estate could have lasted forever, and it was only the action of the grantees themselves that brought the estate to a close. We have construed the words of the granting clause as not bearing solely upon the use, but as limiting the estate itself, and creating a fee simple determinable. A repugnancy only exists if the habendum be read as a fee simple absolute, and as over-riding the former fee simple created in the granting clause. We know of no instance where an habendum has been given such effect. Originally an habendum was used in a deed because the granting clause failed to define the quantity of interest or the estate which the grantee was to have. The passage of years had decreased both the importance of an habendum and the frequency of its use, and in modern conveyancing and in statutory forms of deeds, such as Section 3659, Revised Code of 1935, it is seldom used at all.

The proper construction of a deed is to consider the deed as a whole rather than an aggregate of distinct parts, and in this way the habendum, if used, may acquire somewhat more force than it has sometimes been accorded. In such case the added force is given merely because it is expressive of the intent of the grantor, and not because of the weight of the habendum, as such. When the habendum is used and is irreconcilably in conflict with the premises, and it is not otherwise apparent which represents the intent of the grantor, the habendum will be rejected in favor of the granting clause. 7 *Thompson on Real Property* (Perm. Ed.), Sec. 3521-3528; 1 *Devlin on Deeds*, Sec. 213; 2 *Tiffany Real Property*, (2d Ed.) p. 1620; 16 Am. Jur., pages 566 et seq.; Annotations in 84 A. L. R. 1054; 111 A. L. R. 1078; 131 A. L. R. 1239.

In the present case we think the intent of the grantors is shown by the express language of the limitation, and that there is no necessary repugnancy with any other clause. For this reason we think the estate granted by the deed was a fee simple determinable, and not a fee simple absolute.

Even though we have differed with the Court below and do not think the grantee in the deed received a fee simple absolute estate, it does not necessarily follow that the plaintiff in the action should recover judgment. The deed was made by two grantors, who were, we assume, tenants in common. In the stipulation it is stated that the plaintiff is an heir-at-law of one of the grantors, but in no way related to the other. It is also stated in the stipulation that "the plaintiff has record title to the land in dispute which is entirely by deeds which run back to the year 1840 unless he has been deprived of title by the deed herein discussed."

If the title of the plaintiff is not that of an heir-at-law by descent, but is made entirely by deeds, by which deeds alone he now claims the estate of the original owners and

grantors, there will thus be presented the question of the alienability of the possibility of reverter which remains in a grantor upon the termination of a fee simple determinable. This question is not now before us. There is a division of opinion on the subject, as shown in 33 Am. Jur. 683, et seq.; note to 18 L. R. A. (N. S.) 624; 24 Cal. L. Rev. 512; *Kennedy v. Kennedy,* 183 Ga. 432, 188 S. E. 722, 109 A. L. R. 1148; *Dolby v. Dillman,* 283 Mich. 609, 278 N. W. 694, 117 A. L. R. 563; but in the recent case of *Cookman v. Silliman,* 22 Del. Ch. 303, 2 A. 2d 166, the Court of Chancery of Delaware held that such interests were not "estates" and were not alienable.

The judgment below must be reversed.