89 A.2d 136 (1952)
ADDY et al.
v.
SHORT et al. (two cases).
Nos. 1, 11.
Supreme Court of Delaware.
May 29, 1952.
*137 Everett F. Warrington and Caleb M. Wright, both of Georgetown, for plaintiffs, plaintiffs in error.
James M. Tunnell and Samuel R. Russell, of Tunnell & Tunnell, Georgetown, for defendants, defendants in error.
Before SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and SEITZ, Chancellor.
SOUTHERLAND, Chief Justice.
The essential question presented is whether, after voluntary dissolution of a Delaware corporation and after the expiration of the statutory three-year winding-up period, the corporation is yet sufficiently alive to retain title to that species of interest in land known as a possibility of reverter.
The facts are these:
The Bethany Beach Improvement Company (hereinafter called "the Improvement Company") was incorporated under the laws of this State in November, 1900, to do a general real estate business. It subsequently acquired title to a tract of land in Baltimore Hundred, Sussex County, Delaware. By deed dated August 31, 1905, it conveyed to the United States a portion thereof, being a tract of 2.86 acres on Bethany Beach. The recitals in the deed indicate that the land was acquired by the United States for use as a site for a lifesaving station. The deed granted the right to erect upon the land such structures as the United States might see fit to erect and to remove them at any time when the premises might cease to be used and occupied for the recited purpose. The deed also contained the following covenant:
"And it is further agreed on behalf of the United States that in the event that the land hereby conveyed should hereafter cease to be used and occupied for life saving purposes, the said lot of land shall then revert to the party of the first part, or its assigns."
Thereafter the United States entered into possession of the land so conveyed.
On November 28, 1940, The Bethany Beach Improvement Company was voluntarily dissolved by consent of all its stockholders pursuant to the provisions of Section 39 of the General Corporation Law, Revised Code of 1935, Par. 2071.
On December 19, 1945, the Secretary of the Treasury, pursuant to statutory authority, executed and delivered a declaration of abandonment of the right, title and interest of the United States acquired under the deed of August 31, 1905. After reciting the fact that the Bethany Beach Lifeboat Station had been discontinued and that the United States no longer used or needed the premises so acquired, the instrument of abandonment provided:
"Now, therefore, I, James Forrestal, Secretary of the Navy, pursuant to and *138 by virtue of the authority of Executive Order No. 8929, dated November 1, 1941 (6 F.R. 5581) finding that the interest of commerce and humanity no longer require the use and occupation of the hereinbefore described land, do hereby make this Declaration of Abandonment of the aforesaid parcel or plot of land, and do hereby relinquish and abandon forever the right, title or interest that the United States of America acquired by above identified instrument in and to the said land hereinbefore described."
For some years past the defendants Short and The Bethany Beach Improvement Company[1] have been in possession of the land abandoned by the United States as above stated.
By order of the Court of Chancery dated November 3, 1949, the plaintiffs Addy and Errett were duly appointed Trustees in dissolution of the Improvement Company and thereafter qualified and entered upon their duties.
On August 1, 1950, plaintiffs filed in the Superior Court of Sussex County a suit in ejectment against (inter alios) the defendants above referred to, claiming that the Improvement Company was the owner in fee simple and as such entitled to the immediate possession of the land so abandoned by the United States and occupied by the defendants. They demanded judgment for delivery of possession, together with damages.
The defendants answered, admitting the facts above set forth, with the exception of the Improvement Company's chain of title, of which proof was demanded. This defense, we assume, was waived by defendants' motion for summary judgment upon the pleadings and upon the affidavits, one of which set forth the plaintiffs' chain of title. The substantial defense asserted (and, as we understand it, the only defense now relied upon) was that the title conveyed to the United States by the deed of August 31, 1905, was in law a fee simple determinable; that at the time of dissolution the only interest in the land held by the Improvement Company was that of a possibility of reverter; that such an interest, because of its nature and attributes in the law of real estate, was extinguished by dissolution, or at least by the expiration of the statutory three-year period for winding up the corporate affairs; and that the Improvement Company therefore acquired no title from the abandonment and its trustees could not maintain the action.
Both plaintiffs and defendants filed motions for summary judgment.
Upon the hearing of these motions all parties appear to have assumed that the estate conveyed to the United States by the deed of August 31, 1905, was that of a fee simple determinable. The court below so found. The court then upheld defendants' contention that upon dissolution of the Improvement Company (and in any event upon the expiration of the three-year period) the possibility of reverter became extinguished, and the Improvement Company took nothing from the abandonment of the land by the United States in 1945. Accordingly, judgment was entered for defendants.
From this judgment plaintiffs have appealed. Before filing this appeal, however, plaintiffs sought by a motion directed to the court's decision to review the question of the title of the United States, urging that the deed of August 31, 1905, had granted only the right of use and occupancy. This motion was denied by the court after the taking of the first appeal, and plaintiffs have filed another appeal directed to such denial.
Accepting for the purpose of this appeal the conclusion of the court below that immediately prior to dissolution the only right or interest of the Improvement Company in the land in question was that of a possibility of reverter, we consider defendants' first contention, that this right or interest was extinguished by dissolution.
Section 42 of the General Corporation Law, as existing on November 28, 1940, Revised Code of 1935, Par. 2074, provides:
"Sec. 42. Continuation of Corporation After Dissolution For Purposes *139 of Suit, Etc.:  All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established; provided, however, that with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three-year period and until any judgment, orders, or decrees therein shall be fully executed."
The section above quoted is in effect a statutory expansion of the equitable doctrine that upon dissolution of a corporation its property, notwithstanding the technical rules of the early common law, does not escheat to the sovereign or revert to the original grantor, and will be administered in Chancery for the purpose of winding up the corporate affairs and distributing the assets to those equitably entitled to them. Cf. Diamond State Iron Company v. Husbands, 8 Del.Ch. 205, 68 A. 240; Washington Fire Co. v. Yates, 13 Del.Ch. 32, 115 A. 365. During the three-year period of winding up, the corporation functions exactly as it had functioned before dissolution, with the important qualification that its powers are limited to closing its affairs and do not extend to carrying on the business for which it was established. But as concerns the property it had at the time of dissolution, its title and possession are unimpaired. Whatever rights it had, of whatever nature, are preserved in full vigor during the three-year period. Any other conclusion would contravene the plain language of the statute. The suggestion that the act of dissolution in itself in some fashion works a forfeiture or extinguishment of a legal right, by analogy to the death of an individual, is therefore on the face of the statute unsound.
And even after the expiration of the three-year period the corporation is not extinct for all purposes nor are the rights of its creditors or stockholders wholly extinguished. Section 43 of the General Corporation Law, as existing on November 3, 1949, Revised Code of 1935, Par. 2075, provides:
"Sec. 43. Dissolved Corporations; Receivers For; How Appointed; Powers:  When any corporation organized under this Chapter shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of such corporation, at any time, may either appoint the directors thereof trustees, or appoint one or more persons to be receivers, of and for such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation; and the powers of such trustees or receivers may be continued as long as the Chancellor shall think necessary for the purposes aforesaid."
The purpose and effect of these provisions are too well settled in our law to require discussion. Notwithstanding the expiration of the three-year period, a dissolved corporation may be made a defendant to a suit in the Court of Chancery for the appointment of a receiver, and such *140 receiver may be appointed at any time when cause therefor appears. Harned v. Beacon Hill Real Estate Co., 9 Del.Ch. 232, 80 A. 805, affirmed 9 Del.Ch. 411, 84 A. 229; Slaughter v. Moore, 9 Del.Ch. 350, 82 A. 963; Townsend v. Delaware Glue Co., 12 Del.Ch. 25, 103 A. 576; Levin v. Fisk Rubber Corp., 27 Del.Ch. 200, 33 A.2d 546. And it may be named a defendant in mortgage foreclosure proceedings at law, since it is still sufficiently alive to "serve as repository of title and as obligor of a debt". Wax v. Riverview Cemetery Co., 41 Del. 424, 436, 24 A.2d 431. Of course this must be so. Since Section 43 provides for appointment of a receiver after the three-year period to administer undistributed assets, it must mean that the corporation continues to hold such assets, otherwise there would be nothing to administer.
Nor, in our opinion, is there any difference in this respect between the status of a corporation that has been dissolved by proclamation of the Governor for nonpayment of tax and a corporation that has been dissolved by voluntary act of its stockholders. The breadth of the provisions of Section 43 precludes any such distinction. The remedy of receivership (or as here, appointment of trustees) is available to a creditor or stockholder of any corporation "dissolved in any manner whatever". That the remedy of revival is available to a corporation whose franchise has been forfeited but was not, prior to the adoption in 1951 of Section 39A, available to a corporation voluntarily dissolved, is immaterial to the present purpose. Any asset of the corporation, vested or contingent, not disposed of during the windingup period may in a proper case be administered by the Court of Chancery under Section 43 and the rights of creditors and stockholders protected.
These general principles are not seriously questioned by defendants. Their contention is in substance that a possibility of reverter is, in the law of real property, not an estate in land, but a bare possibility only, not alienable, assignable or devisable by its owner. Lynch v. Bunting, 3 Terry 171, 42 Del. 171, 29 A.2d 155; Cookman v. Silliman, 22 Del.Ch. 303, 2 A.2d 166; but cf. Shockley v. Parvis, 4 Houst. 568. Upon the death of the owner, it is said, it passes to those who are his heirs at law at the time of his decease, Cookman v. Silliman, supra, and since the corporation upon its dissolution had no successor who could take possession, the right was extinguished by the dissolution  or in any event by the expiration of the three-year period. It is not, say defendants, a property right at all  at all events, not such a property right as would constitute a corporate asset, and thus it is not within the saving provisions of Section 42 nor within the protective power of the Court of Chancery under Section 43.
We think it unnecessary to enter upon a discussion of the principles of the law of real property applicable to estates upon limitation or conditional limitation and their attributes. In our view the instant case turns on different principles, viz., the scope and intent of the applicable provisions of the General Corporation Law already quoted. Whatever may be the characteristics of a possibility of reverter it is entirely clear that it is an interest of some sort in land. True, it is wholly contingent, but so far as concerns the protection of its owner under the General Corporation Law it is none the worse for that. It is sufficient to say that it is a right, and one which under some circumstances may be a valuable right. As such it is brought within the reach of the statutes. It constitutes, in the language of Section 43, "unfinished business" of the corporation.
Defendants' position at bottom comes to this, that upon dissolution (or upon the expiration of the three-year period), the corporation was civilly dead and without a "successor to whom the possibility of reverter could descend. Therefore, say defendants, it was extinguished, since there was no entity in existence to retain it, or to hold the fee simple into which it ripened. The argument has two fallacies. First, the assumption that the corporate life was wholly extinct is, as we have seen, unsound, since it was sufficiently alive (to borrow Judge Rodney's apt phrase) "to serve as a repository of title." *141 Second, the argument is one drawn by analogy from human life and death. If it were necessary to accept it, the "successor" said to be wanting might be found in the potential existence of the receiver or trustees provided for in Section 43, who succeed to all the rights and powers of the corporation over its property. But we think the analogy quite misleading. Dealing with an argument seeking to apply the analogy of physical death to corporate existence after dissolution, the Appellate Division of New York has said: "Corporate life rests upon legislative fiat, and there is no reason to apply such a doubtful analogy to such a case as this, * * *." Per Sears, J., in Wilson v. Brown, 107 Misc. 167, 174, 175 N.Y.S. 688, 692. We agree. The question before us is not to be viewed in so narrow a light.
Defendants say that the decision of the Court of Chancery in McBride v. Murphy, 14 Del.Ch. 242, 124 A. 798, is opposed to the conclusions above reached. We think not. That case involved the right of a dissolved corporation to acquire for its corporate purposes land in which it had no interest whatever prior to dissolution. It was held that it could not take title, since such acquisition was not necessary or incidental to the winding up of its affairs. The instant case is wholly different. It involves no new acquisition of land for corporate purposes, but a ripening into full ownership and possession of a contingent right possessed prior to dissolution.
We hold that neither the dissolution of the Improvement Company nor the expiration of the three-year period worked an extinguishment of the possibility of reverter retained by the deed of August 31, 1905, and that upon the abandonment of the land by the United States the possibility was enlarged to a fee simple title. As statutory successors to the rights and powers of the corporation, plaintiffs are now entitled to maintain their action.
This conclusion makes it unnecessary for us to consider the plaintiffs' later appeal, and it will be dismissed.
It follows that the judgment of the court below must be reversed and the cause remanded to the Superior Court of Sussex County with instructions to vacate the judgment for the defendants, to enter judgment for the plaintiffs, and to take such further proceedings as may be consistent with this opinion.
NOTES
[1] Although bearing the same name, it is a separate corporate entity from the Improvement Company.