**UNITED STATES of America,**
**Plaintiff,**

v.

**UNION CARBIDE AND CARBON CORPORATION et al., Defendants.**

**Cr. A. 11678.**

United States District Court
D. Colorado.
June 17, 1955.

Stanley N. Barnes, Asst. Atty. Gen., Worth Rowley, Special Asst. to the Atty. Gen., Charles L. Whittinghill, Denver, Colo., Raymond M. Carlson, Chicago, Ill., and John P. Kelly, Denver, Colo., for plaintiff.

Grant, Ellis, Shafroth & Toll, Denver, Colo., for defendants.

KNOUS, Chief Judge.

A criminal information was filed September 2, 1948, by the United States of America, charging Union Carbide and Carbon Corporation, and three subsidiary corporations, Electro Metallurgical Company, United States Vanadium Corporation and Electro Metallurgical Sales Corporation, with violations of Sections 1 and 2 of the Sherman Anti-Trust Act, Title 15 U.S.C.A., §§ 1, 2, in conspiring to fix prices and to monopolize sales of ferro-vanadium and vanadium oxide. All defendants entered pleas thereto of not guilty on September 21, 1948.

Subsequently, Electro Metallurgical Company was dissolved on December 31, 1949, pursuant to the laws of West Virginia. Electro Metallurgical Sales Corporation, a New York corporation, and United States Vanadium Corporation, a Delaware corporation, were merged with defendant Union Carbide and Carbon Corporation pursuant to the laws of the state of their incorporation on February 28, 1949, and December 30, 1950, respectively. It is stated by affidavit of Mr. Ralph R. Browning, a Director and Vice-President of Union Carbide and Carbon Corporation that this change in corporate structure was done in good faith and pursuant to sound business practices, with no consideration of the pending action.

The defendant Union Carbide and Carbon Corporation has moved to dismiss the information as to the three aforementioned subsidiary defendants on the ground that they are no longer in existence.

It is well settled that the law of the state of incorporation will govern the effect to be given a merged or dissolved corporation. Oklahoma Natural Gas Co. v. State of Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634; United States v. Safeway Stores, 10 Cir., 140 F.2d 834. Therefore, the law of Delaware, West Virginia and New York will govern.

All three states, as well as the vast majority of jurisdictions in this country, state that at common law a dissolved or merged corporation is as if it did not exist and all pending litigation, being either criminal or civil, abates. Commercial Bank v. Lockwood's Adm'r, 2 Har., Del., 8; Miller's Adm'x v. Newburg Orrel Coal Co., 31 W.Va. 836, 8 S.E. 600; In re National Surety Co., 286 N.Y. 216, 36 N.E.2d 119. Thus, unless the statutes of the respective states abrogate the common law rule that criminal actions against corporations abate upon dissolution or merger, that rule is still applicable.

The pertinent provisions of the controlling statutes are Sections 261, 278 and 282 of 8 Delaware Code Annotated; Section 3095, (31–1–83) of the West Virginia Code, and Sections 85 and 105 of New York Stock Corporation Law, McKinney's Consolidated Laws, c. 59. To be sure, these statutes are not literally parallel, but their provisions for the purposes of this determination are enough alike in their effect so that a complete recital thereof is not warranted. Suffice it to say that the pertinent provisions of the Delaware statute provide for survival of "actions, suits or proceedings" after dissolution, the West Virginia Code provides for "suits to be brought, conducted, prosecuted or defended," and the New York sections apply to "liabilities and obligations."

Neither counsel for the movant nor counsel for the Government has brought to the Court's attention any decision of the respective state courts construing their statutes in regard to the precise

point in consideration, nor has any such authority been found. However, in the case of United States v. Safeway Stores, supra, the Court of Appeals for the Tenth Circuit interpreted the Delaware statute, among others, and came to the conclusion that "actions, suits or proceedings" under the Delaware code do not encompass criminal actions, and that such would not lie against a corporation which had been priorily dissolved.

This Court is bound by this decision, barring a subsequent and contrary interpretation of the Delaware statute by its own courts. The Government contends that the Delaware court has given this statute a contrary interpretation in Addy v. Short, 8 Terry 157, 89 A.2d 136, and that this Court should follow United States v. P. F. Collier & Son, 7 Cir., 208 F.2d 936, 40 A.L.R.2d 1389, which reached a result contrary to the Safeway case, partly on the basis of this Delaware decision. But an examination of the Addy case will disclose that it is a civil action in the nature of ejectment to secure the vesting of a possibility of reverter. There is no language therein suggesting an interpretation of the statute in regard to criminal procedure, and, consequently, this Court feels the case to have no bearing on the question presented here, and as decided in United States v. Safeway Stores, supra.

The Government advocates that a distinction be drawn between an *ante-litem* dissolution, as in the Safeway case, and a *pendente lite* dissolution as is the case at bar. A good-faith dissolution by merger subsequent to the indictment for Sherman Act violations was presented in United States v. Line Material Co., 6 Cir., 202 F.2d 929, and the Court of Appeals in that case reached the same conclusion as was reached in the Safeway case (which it cited with approval) in regard to the interpretation of the Delaware statute. The Court is of the opinion that on the basis of that case no real distinction is here presented.

The Safeway case is also a negative answer to the Government's contention that the three subsidiary corporations are in reality still in existence for the purposes of this suit. There is no contention that the laws of the states of incorporation were not complied with. It is clear then, by a reading of the Safeway case, that a dissolved or merged corporation may be subject to *civil* proceedings under the statutes, but unless the particular statute pertains to criminal actions, it does not follow as a matter of course that the latter actions are preserved and the corporation is still in de facto existence for that purpose. Rather, the common law rule mentioned above prevails in the absence of statutory abrogation.

Inasmuch as this Court is bound by the decision of the Court of Appeals in United States v. Safeway Stores, supra, that "suits, actions and proceedings" under the Delaware code do not embrace criminal prosecutions, it is only consistent in adhering to that decision that "suits" under West Virginia Law do not include criminal actions. No West Virginia cases have been cited, nor can any be found giving a contrary interpretation.

As to the New York law, the Government relies heavily upon an opinion by the Federal District Court for the Southern District of New York. In re Grand Jury Subpoenas Duces Tecum Addressed to Canadian International Paper Co., 72 F.Supp. 1013, 1021. That case indicated that "liabilities or obligations" under Section 216 of the New York General Corporation Law included fixed liability to the United States of both civil and criminal nature. But there is a clear and valid distinction between statutes providing for procedure following a certificate of surrender to do business within the state, which is involved in the aforementioned Section 216, and procedure following dissolution by merger which is involved here.

Furthermore, it is to be noted that this case is not one in which a court of New York is interpreting its own statutes, but rather a Federal District Court. Therefore, there being no contrary interpretation of the New York statute in

question here by its own tribunal, the philosophy of the Safeway case speaking of "actions, suits or proceedings" also includes "liabilities and obligations," and is controlling. Therefore, it is

. ■ Ordered and Adjudged that the motion to dismiss the criminal information as to Electro Metallurgical Company, United States Vanadium Corporation, and Electro Metallurigical Sales Corporation, be and the same is hereby granted.