[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 11, 1996
On December 19, 1995, the plaintiff, Millbrook Owner's Association, Inc. (Millbrook), filed an eight-count complaint against the defendants, Hamilton Standard, Composite Materials Corporation (CMC), and several other entities. Millbrook's members are the owners of units at the Millbrook Condominiums, located at 110-112 Main Street, Broad Brook, Connecticut (Real Property). All of the defendants, except Connecticut Building Corporation (CBC), operated manufacturing or warehouse facilities CT Page 4933 on the real property at various times between 1954 and 1988. In 1988, CBC, which owned the real property at that time, began to transform the real property from industrial use to residentiai [residential] use.
On October 6, 1993, Heynan Teale Engineers (Heynen) submitted a Phase II Environmental Site Assessment to First Fidelity Bancorporation. Heynen conducted several tests of the real property's soil and groundwater, finding several specific anomalies (Complaint, Count one, paras 59-65). In May 1994, Millbrook hired Fuss O'Neill, Inc., Consulting Engineers to prepare a summary analysis of Phase II. Fuss O'Neill, Inc.'s report states that further environmental investigation is required in order to determine the full extent of the groundwater and soil contamination on the real property. The summary analysis report also cited further environmental anomalies on the real property. (Complaint, Count one, paras. 66-68.) Millbrook alleges that the real property has been contaminated by the defendants, and that financial loss has resulted.
Count one alleges violations of General Statutes § 22a-452, for the contamination of certain real estate now owned by the plaintiff but previously owned and/or leased by the various defendants. Count two alleges violations of General Statutes § 22a-16. Count three alleges negligence. Count four alleges private nuisance. Count five alleges strict liability. Count six alleges trespass. Count seven seeks a declaratory judgment, and count eight alleges that the defendants' actions on the real property have unreasonably polluted, impaired, or destroyed historical buildings on the real property.
On January 25, 1996, the defendant, CMC, filed a motion to dismiss this action on the ground that CMC is not, and at the time the action was commenced was not, an existing corporation in the State of Connecticut, and was therefore, not properly served. The motion was accompanied by a memorandum of law, a copy of CMC's Certificate of Dissolution from Delaware, and a copy of CMC's Certificate of Withdrawal from Connecticut.
On March 11, 1996, both Hamilton Standard and Millbrook filed memoranda of law in opposition to the motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be CT Page 4934 heard by the court." (Emphasis in original: internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." Sadloski v.Manchester, 235 Conn. 637, 646 n. 13, 668 A.2d 1314 (1995).
"A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of power." Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80,612 A.2d 1130 (1992). "Whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." In re Judicial Inquiry No. 85-01, supra,221 Conn. 629.
CMC argues that it is not, and at the time this action was commenced was not, an existing corporation. Accordingly, CMC contends that this action is barred as to CMC because it was dissolved and its assets distributed and/or liquidated on or about 1978, and so CMC lacks the capacity to sue or be sued. CMC maintains that under both Delaware and Connecticut law, in order for a corporation to sue or be sued, the action must be commenced within three years of the date of dissolution.
In response, Hamilton Standard argues that CMC's dissolution is subject to Delaware law, and that according to Addy v. Short,89 A.2d 136 (Del., 1952), a corporation may be sued even after the expiration of the three-year period.
According to General Statutes § 33-379, "any action, suit or proceeding against a dissolved corporation for any right or claim existing at, or for any liability incurred prior to, dissolution shall be barred if not commenced within three years after the last publication of the notice provided for in subsection (a) of this section." According to Delaware law, "[a]ll corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued for the term of 3 years from such expiration or dissolution or for such longer period as the Court of Chancery shall in its discretion direct . . ." 8 Del. C. § 278 (1995).
In Addy v. Short, supra, 89 A.2d 139, the Delaware Supreme Court expanded this law, articulating that, "notwithstanding the expiration of the three-year period, a dissolved corporation may CT Page 4935 be made a defendant to a suit in the Court of Chancery for the appointment of a receiver, and such receiver may be appointed at any time when cause therefor appears." Whether the present case is governed by Connecticut law or by Delaware law is irrelevant because both states have statutory periods which prevent suits against a corporation after 3 years have elapsed from the date of dissolution. Addy v. Short, supra, provides one exception to this statutory period under Delaware law. However, even if this court were to follow Delaware law for the purposes of this motion, the case must still be dismissed. CMC was dissolved in Delaware on December 18, 1978, and it was withdrawn from Connecticut on December 28, 1978. The Connecticut Superior Court is not the Delaware Court of Chancery, and neither party is seeking the appointment of a receiver in the present action. Accordingly, under Delaware law, the Delaware statute must be followed without exception. Further, there are no exceptions to the Connecticut statute, and so because this action was filed more than three years after the notice of dissolution, pursuant to both Delaware and Connecticut law, the case must be dismissed, as the action was commenced more than three years after the dissolution of CMC.
Hamilton Standard also contends that CMC is liable under General Statutes § 22a-452, which is Connecticut's version of the federal Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Hamilton Standard maintains that courts have allowed a dissolved corporation to be sued under CERCLA. Hamilton Standard further argues that CERCLA is retroactive in nature, and so this court should apply § 22a-452
retroactively, regardless of CMC's status as a "dead and buried" corporation.
Section 52-577c(b) provides the applicable statute of limitations for causes of action-seeking recovery for damages resulting from exposure to hazardous substances.[1]
"Unfortunately, the legislative history on both sections 22a-452
and 52-577c does not resolve exactly which statute of limitations to apply . . . Arguably, the most analogous statute is section52-577c, but if not, the statute of limitations in negligence actions (52-584) or the general tort statute (52-577) would apply." Electroformers, Inc. v. Emhart Corp., Superior Court judicial district of Danbury, Docket No. 297891, 8 CONN. L. RPTR. 307 (January 29, 1993) (Fuller, J.). "The three-year limitation of § 52-577 is applicable to all actions founded upon a tort which does not fail within those causes of action carved out of § 52-577 . . ." (Internal quotation marks omitted.) TravelersCT Page 4936Indemnity Co. v. Rubin, 209 Conn. 437, 441, 551 A.2d 1220 (1988). Under § 52-577c(b), "no action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment shall be brought but within twoyears from the date when the injury or damage complained of isdiscovered or in the exercise of reasonable care should have beendiscovered." (Emphasis added.)
The present action seeks recovery for damages caused to Millbrook's real property by dangerous chemicals allegedly deposited by the defendants. Count one specifically sets forth a cause of action under § 22a-452, and so it is subject to § 52-577c(b). The remaining counts also set forth actions for environmental violations, and so § 52-577c(b) also applies to those counts. According to Millbrook's complaint, the Phase II Environmental Site Assessment was submitted on October 3, 1993. This report provided Millbrook with notice of the environmental anomalies on the real property. While Millbrook may not have known the exact extent of the damages to the real property, it was on notice that there were some irregularities. Accordingly, at this time, the § 52-577c(b) statutory period began to run. Millbrook filed its complaint on December 19, 1995, more than two years after October 3, 1993, when the injury complained of was discovered. Accordingly, because Millbrook filed this action after the statute of limitations lapsed, this action is barred, regardless of CMC's status as a "dead and buried" corporation.
In conclusion, CMC's motion to dismiss is granted because this action was commenced more than three years after CMC was dissolved. Additionally, because Millbrook filed its complaint more than two years after the damage was first discovered, this action is barred pursuant to General Statutes § 52-577c(b).
HENNESSEY, J.